REGAN vs. THE STATE.

CRIMINAL LAW.  *(1) Information for assault by one armed, etc., with intent to do great bodily harm.  (2, 3) Erroneous instructions in such case.*

1. An information charging that, on a day certain and at a place specified, defendant, " being then and there armed with a dangerous weapon, to wit, a stone of the weight of two pounds," made an assault on a person named, with intent to do him great bodily harm, *held* sufficient under ch. 78 of 1877.
2. There being only circumstantial evidence that defendant was armed with a stone when he made the assault, and no witness having testified that he saw it in defendant's hands, it was error to instruct the jury that " in their investigations *they would have to account for the presence of the stone* upon the occasion and under the circumstances in which it was first seen; " since they might well have understood from this that the burden was upon the accused to show how the stone came to the place where it was found.
3. The further instruction, " You will determine also whether such stone is a dangerous weapon *under the circumstances in which it was used,*" was erroneous, since the jury might regard it as an expression of the opinion of the court that defendant was armed with the stone when he made the assault.

ERROR to the Circuit Court for *Walworth* County.

*Regan* brought this case up by writ of error to reverse a judgment of the circuit court against him on a criminal information.    The offense charged by the information, and the errors assigned, will sufficiently appear from the opinion.

There was a brief for plaintiff in error by *J. H. Page* and *Hugh Ryan,* and oral argument by *Mr. Ryan.*

The cause was submitted for the state on the brief of the *Attorney General.*

LYON, J.   The plaintiff in error was tried and convicted in the circuit court, on an information duly exhibited against him, charging that, on a day and at a place therein specified, " being then and there armed with a dangerous weapon, to wit, a stone of the weight of two pounds," he made an assault upon

one John S. Faulkner, with intent to do said Faulkner great bodily harm. Thereupon the court gave judgment that the plaintiff in error be confined at hard labor in the state prison for one year from September 13, 1878. The information contains three counts, charging the assault substantially as above stated. Two of the counts charge a battery on Faulkner with the stone.

It is assigned for error that the information is insufficient; that the evidence does not support the verdict; and that the judge erred in his instructions to the jury. The case was ably argued by the learned counsel for the plaintiff in error, and was submitted for the state on the brief of the attorney general. The view we have taken of the case renders it unnecessary to pass upon all of the errors assigned and argued.

It was not denied at the trial, that the accused assaulted Faulkner at the time and place stated in the information. The accused testified that he did then and there assault and beat Faulkner with his fist, but denies that he was armed with the stone. Whether he was so armed was really the only question of fact upon which there is any conflict in the testimony. No witness testified that he saw the stone in the hand of the accused, and the testimony tending to prove that he was armed with it when the assault was made, is all circumstantial.

The jury were instructed as follows: "In your investigations you will have to account for the presence of the stone upon the occasion and under the circumstances in which it was first seen. You will take into consideration all these circumstances, and all the testimony bearing upon that point, in connection with what the defendant has testified himself; and you will determine also whether such stone is a dangerous weapon under the circumstances in which it was used."

We think the instruction contains error, and that the jury may have been misled by it to the injury of the accused. It cannot be a correct legal proposition, that it was necessary for the jury to account for the presence there of the stone; and

Regan vs. The State.

they may well have understood from the instruction, that the burden was upon the accused to show how it came there, in order to break the force of the testimony tending to show that he carried it there· or was armed with it. The burden was upon the prosecution to prove beyond a reasonable doubt that the accused was armed with the stone when he assaulted Faulkner. Failing such proof, the prosecution fails; and so the jury should have been instructed without qualification.

Moreover, the instruction, " You will determine also whether such stone is a dangerous weapon *under the circumstances in which it was used*," presupposes that the stone was used on the occasion of the assault. Although it is not probable that the learned circuit judge intended to be so understood, yet the jury, closely weighing every word that fell from his lips, to catch some indication of his opinion on the only disputed fact in the case, would be very apt to infer from the language employed that he thought the accused used the stone. Had the judge directly expressed that opinion, it would have been error. It was equally error to so instruct the jury, that they might reasonably think he was indicating the same opinion, although indirectly.

It is only necessary to add, that we think each count of the information sufficiently charges an offense under ch. 78, Laws of 1877, which was in force when the plaintiff in error was convicted. The statute provided that, " if any person, being armed with a dangerous weapon, assaults another with intent to do great bodily harm, he shall be punished," etc. Every element of the offense seems to be clearly stated in each count. In the late revision, the words "being armed with a dangerous weapon" are omitted from the statute. R. S., 1041, sec. 4377.

*By the Court.* — The judgment of the circuit court is reversed, and the cause will be remanded for a new trial. The warden of the state prison will surrender the plaintiff in error (if in his custody) to the sheriff of Walworth county,

who will hold him until discharged, or his custody changed by due course of law.