# THE STATE v. FLORINDO BELFIGLIO, Appellant.

### Division Two, February 7, 1911.

1. **MANSLAUGHTER: Sufficient Evidence: Self-Defense.** Defendant, a locksmith, was called upon by deceased to repair a lock, and when he informed him that he could not so repair it as to make it work in a satisfactory manner, deceased became angry and a fight immediately ensued. After a few seconds of clinching and scuffling, deceased struck defendant a heavy blow on the nose with his fist, knocking him down. Thereupon defendant arose and struck deceased in the left temple with a steel screw-driver, with which he had been trying to fix the lock, which penetrated the brain, and caused a

mortal wound. *Held*, that the court cannot assume that the testimony establishes a clear case of self-defense, but the evidence tending to prove defendant's guilt was strong enough to carry the case to the jury, and sufficient to support a verdict of manslaughter in the fourth degree.

2. **DEADLY WEAPON: So Pronounced in Instruction: Screw-Driver.** Where the instrument with which defendant inflicted the mortal wound was a steel screw-driver, was of such character that defendant was able to drive it through the skull of deceased with one hand at a single blow, was introduced in evidence, and no description of it is preserved in the evidence whereby the appellate court may know its size, length or weight, or whether sharp or blunt, it will not be held that the trial court committed error in instructing the jury it was a deadly weapon, although it is usually necessary for the court to submit to the jury, for its determination, the issue of whether or not the weapon used was a deadly weapon.

Appeal from St. Louis City Circuit Court.—*Hon. George H. Shields*, Judge.

AFFIRMED.

*Chas. P. Johnson* and *Silver & Dumm* for appellant.

(1) Instruction 1, given by the court, is erroneous and prejudicial, in telling the jury that a steel screw-driver set in a wood handle is a dangerous and deadly weapon. This was a question for the jury, and the court committed error in assuming its dangerous and deadly character. State v. Nueslein, 25 Mo. 126; State v. Harper, 69 Mo. 425; State v. Grayor, 89 Mo. 605; State v. Weeden, 133 Mo. 70; State v. Grant, 152 Mo. 57; State v. Gordon, 191 Mo. 131; State v. Harris, 209 Mo. 423; State v. Clancy, 225 Mo. 654; Acers v. United States, 164 U. S. 388; Wharton on Homicide, p. 137; Melton v. State, 30 Tex. Ct. App. 273; Jenkins v. State, 30 Tex. Ct. App. 379; United States v. Small, 2 Curtis 241. (2) The evidence is insufficient to support the verdict. And while this court is not a trier of facts, it will examine the rec-

ord, and will reverse a judgment founded upon insuffi-
cient evidence. State v. Marshall, 47 Mo. 378; State
v. Mahan, 138 Mo. 112; State v. Nesenhener, 164 Mo.
461; State v. Scott, 177 Mo. 673; State v. Crabtree,
170 Mo. 642; State v. Gordon, 199 Mo. 561. Where
the evidence shows a clear case of self-defense this
court will reverse the judgment and discharge the
defendant. State v. Bartlett, 170 Mo. 658; Runyan v.
State, 57 Ind. 85; Beard v. United States, 158 U. S.
561; 3 Rice's Evid., sec. 360. And "if nature has not
provided the means for such resistance, art may; in
short, a weapon may be used to effect the unavoidable
necessity." State v. Bartlett, 170 Mo. 671.

*Elliott W. Major,* Attorney-General, and *Charles
G. Revelle,* Assistant Attorney-General, for the State.

(1) The State's evidence, and even that of the
appellant himself, is amply sufficient to warrant the
verdict, and this court is not a trier of facts and will
not invade the peculiar functions of the jury and trial
court. State v. Mathews, 202 Mo. 147; State v. Mc-
Cullough, 171 Mo. 574; State v. Tetrick, 199 Mo. 100.
(2) The sole criticism that could possibly be leveled
against instruction 1 is that the first part of it assumes
and declares as a matter of law that a "steel screw-
driver set in a wooden handle" is a deadly weapon.
This objection, however, must fall when we consider
the nature of the weapon used in this particular case,
and the deadly effect of its use. In this connection
it should be remembered that deceased was a person
of ordinary size, sound and physically strong enough
to knock appellant to the ground with a single blow,
while the person who used the weapon weighed but
about 130 pounds. A weapon which, when used but once
on a person of such physical condition, will inflict the
wounds disclosed by this record and produce his death

almost immediately, is a weapon which the law properly denominates dangerous and deadly, and the court was warranted in so instructing. State v. Bowles, 146 Mo. 13; State v. Keener, 225 Mo. 496; Jeff v. State, 39 Miss. 600; State v. Jones, 86 Mo. 626; State v. Musick, 101 Mo. 267.

BROWN, J.—Defendant was convicted of manslaughter in the fourth degree in the circuit court of St. Louis City, for the act of feloniously stabbing and killing with a screw-driver, one Albert L. Reid, on April 28, 1909; and prosecutes this appeal from a judgment of that court imposing a punishment of nine months' imprisonment in jail.

Defendant is an electrician and locksmith, while the deceased was a clothes-presser. The evidence on behalf of the State is to the effect that defendant was called upon to fix a door lock for deceased on April 28, 1909, and upon informing deceased that he could not fix the lock so as to make the key thereto work in a satisfactory manner, deceased became angry, and a fight immediately ensued. After clinching and scuffling a few seconds, during which no serious harm resulted to either combatant, deceased struck defendant a heavy blow on the nose with his fist, knocking him down; thereupon defendant arose and stabbed deceased in the left temple with a steel screw-driver with which he had been trying to fix the door lock. The screw-driver passed through the skull of deceased into his brain, and produced a mortal wound from which he died on the following day.

The defendant testified that deceased knocked him down three times, and that he struck the fatal blow with the screw-driver just as he was rising the third time. The whole testimony leads us to believe that deceased brought on the fight by his domineering remarks, while defendant was not as anxious to avoid

the difficulty as a law-abiding man ought to have been under similar circumstances. Defendant and deceased were of nearly the same size. Defendant proved a good reputation as a peaceful and law-abiding citizen prior to this unfortunate occurrence.

Defendant complains that the evidence is not sufficient to support the judgment; that such a clear case of self-defense was proven as to warrant this court in discharging the defendant; and that the trial court committed reversible error in instructing the jury that the screw-driver with which deceased was killed was a deadly weapon.

To our minds the evidence tending to prove defendant's guilt was strong enough to carry the case to the jury and we are unwilling to disturb the judgment on the facts detailed by the witnesses. [State v. Mathews, 202 Mo. 143, l. c. 147.]

The complaint that the trial court ought to have submitted to the jury the issue of whether or not the screw-driver with which the fatal wound was inflicted was a deadly weapon, presents a more difficult problem. Whenever a mortal wound is inflicted with any weapon other than a gun, pistol, large knife or some other instrument generally known and classified as a deadly weapon, it is usually necessary for the court to submit to the jury, for its determination, the issue of whether or not the weapon used was of a deadly nature. [State v. Clancy, 225 Mo. 654; State v. Harris, 209 Mo. 423.]

However, in a case like the one at bar where the weapon used was of such a nature that defendant was able to drive it through the skull of an adult with one hand, at a single blow, and where the weapon was introduced at the trial, but no description of it is preserved in the evidence whereby this court may know its size, length, weight or whether sharp or blunt at the point, we will assume that the learned trial judge

did not err in telling the jury as a matter of law that it was a deadly weapon.

Finding no reversible error in the record, we affirm the judgment. *Kennish, P. J.,* and *Ferriss, J.,* concur.