OVERTON, J.
 

 Defendant was indicted for willfully striking one Arthur Breland with a dangerous weapon, to wit, a scantling, with intent to murder. When his ease was called for trial, two of his witnesses, Josie Planche and Leroy Talley, were absent, and therefore they failed to answer to their names when called. Thereupon defendant filed a motion for a continuance, setting forth the absence of these witnesses, the materiality and importance of their evidence, and that, if present, they would testify that they saw defendant, a few minutes after the difficulty out of which the present charge grows, near the prosecuting witness Breland, with his coat cut; that there are no other witnesses by whom he can establish that fact; and that, if granted a continuance, he can and will have these witnesses present at the next jury term of court. He also alleges, as an additional reason why he should be granted a continuance, that there are other witnesses absent who would testify to facts material to the issue in the case, though he is unable to state in detail what those facts are. He also alleges that he believes that one of the absent witnesses, Julius Swinson, is an important witness, though is unable to state the facts in detail to which the witness would testify.
 

 When the motion was filed, the state admitted that, if the witnesses, Planche and Talley, were present, they would testify as set forth by defendant in his motion. The trial judge overruled the motion, and defendant excepted to the ruling. The admission made by the state was read to the jury.
 

 The witnesses, Planche and Talley, were duly summoned. Hence defendant was granted legal process for obtaining his witnesses. In view, therefore, of the admission made by the state, the trial court was authorized to refuse the continuance prayed for, in so far as it was grounded on the absence of Planche and Talley. Act 84 of 1894; State v. O’Neal, 136 La. 558, 67 So. 365; State v. Stewart, 117 La. 490, 41 So. 798; State v. Lee, 50 La. Ann. 10, 22 So. 954. Nor do we think that the court erred in overruling the motion for a continuance, in so far as it is based on the absence of witnessés other than Planche and Talley. The motion even fails to allege the names of the remaining witnesses, who were absent, with the exT ception of one. It does not' allege the facts, or any of them, that could be established by the remaining absent witnesses, if present, and while defendant seeks to relieve himself of the burden of setting out those facts
 
 *71
 
 by alleging his inability to give them in detail, yet he makes no showing whatever of the exercise of reasonable diligence to ascertain what facts were within their knowledge, nor to ascertain the names of those witnesses whose names he did not know, nor does he even pretend that he did not have sufficient time to prepare for trial. A motion for a continuance, which neither sets out the facts expected to be established by absent witnesses, nor shows the exercise of due diligence to ascertain those facts, is frivolous, and therefore is properly overruled.
 

 On the trial of the case, the prosecuting witness, Breland, fixed the date of the crime charged as October 8, 1923. The indictment sets out that the crime was committed September 23, 1923. Defendant thereupon objected to the introduction of any further evidence from this witness, and moved the court, because of the difference in date, to strike out the evidence already given by him. The trial judge overruled the objection and the motion. Defendant excepted to the ruling, and submits the bill to us without argument. The ruling made is correct, for the exact time charged in the bill of indictment was not material. It sufficed to prove that the offense charged was committed at any time before the finding of the indictment, and within the prescriptive period of one year prior to such finding. State v. Agudo, 5 La. Ann. 185; State v. Riggio, 124 La. 614, 50 So. 600; State v. Wichers, 149 La. 643, 89 So. 883. See, also, State v. Edwards, 149 La. 679, 90 So. 21, and State v. Williams, 143 La. 424, 78 So. 662.
 

 After the case was submitted to the jury, they returned the following verdict, to wit:
 

 “We, the jury, find the accused guilty of striking with a death-dealing instrument with the intent to kill.”
 

 Thereupon defendant filed a motion for a new trial, in which he avers that the verdict rendered should be set aside because it is not responsive to the charge preferred against him. The charge, as we have seen, is striking with a dangerous weapon with intent to murder, which is an offense denounced by section 791 of the Revised Statutes of 1870, as amended by Act 43 of 1890, and which includes the lesser offense of striking with a dangerous weapon with intent to kill, denounced by Act 44 of 1890. The jury evidently intended to find the defendant guilty of the lesser offense, and the question is whether they actually did so find him; in other words, whether the verdict rendered responds to the charge against him, which charge includes the lesser offense of striking with a dangerous weapon with intent to kill. The defendant contends that it does not, because the jury have substituted the words “death-dealing instrument” for “dangerous weapon,” which latter expression is used both in the charge and in the law, thereby finding him guilty of striking with a death-dealing instrument, instead of with a dangerous weapon, with intent to kill. However, we are not of the opinion that the verdict should be annulled because of the use of the words “death-dealing instrument” instead of the words “dangerous weapon.” The verdict is clear and responsive. A death-dealing instrument, which is capable of being used to strike another with, is a dangerous weapon within the purview of the law.
 

 • For the reasons assigned, the verdict and the sentence appealed from are affirmed.