26 P.(2d) 230

STATE v. POWERS.

No. 3878.

Supreme Court of New Mexico.

Oct. 23, 1933.

Carl A. Hatch, of Clovis, and T. E. Mears, of Portales, for appellant.

E. K. Neumann, Atty. Gen., and Quincy D. Adams, Asst. Atty. Gen., for the State.

ZINN, Justice.

On August 25, 1932, the appellant, having been charged by information with the crime of robbery while armed with a dangerous weapon, was found guilty and sentenced to the penitentiary for a term of three years, from which judgment and sentence appellant appeals.

■ Two errors are alleged, the first being that the information charged the ownership of the money stolen to be that of "Charlie Pulliam" and the whisky to be that of "W. M. Wilcox," whereas the proof adduced at the trial showed that the money and whisky were owned by Charlie Pulliam, W. M. Wilcox, and others.

1929 Comp. St. § 35-701 does not require that ownership of the property which is taken by one while armed with a deadly weapon shall be in the person from whom taken. This statute makes it a crime to steal, while armed with a deadly weapon, property in the possession of another. The statute says nothing about ownership; and the crime can be committed if the property stolen is in the hands of a bailee, agent, servant, or any other person in possession. The gist of the crime is the larceny while armed with a deadly weapon. Charlie Pulliam and W. M. Wilcox had an interest in the whole, and were in joint possession with their co-owners at the time of the larceny, and there was no variance between the information and proof.

■ The second error charged by appellant is in the refusal of the trial court to admit hearsay testimony. There is nothing in the record to bring us to any conclusion that the offered testimony was within any known exception. Appellant contends that, if the real purpose back of the offer of the excluded testimony were known, the court would have admitted the same. It does not appear that the trial court was informed of the real purpose, if any real legal purpose appears.

We see no merit in either contention of appellant, and the judgment of the district court was correct and should be affirmed. It is so ordered.

WATSON, C. J., and SADLER, HUDSPETH, and BICKLEY, JJ., concur.