70 P.(2d) 149

**STATE v. WALDEN et al.**

No. 4290.

Supreme Court of New Mexico.

July 6, 1937.

E. M. Grantham, of Clovis, for appellants.

Frank H. Patton, Atty. Gen., and Fred J. Federici, Asst. Atty. Gen., for the State.

BICKLEY, Justice.

Appellants were convicted of robbery. After a careful consideration of the error assigned in admission of testimony introduced by the state in rebuttal, we conclude that there was no reversible error because the trial judge correctly regarded the testimony as rebuttal, and, secondly, if such evidence was not strictly in rebuttal and might have been offered in chief, it was within the discretion of the court to admit it in rebuttal and there was no abuse of discretion.

There was no error in permitting the district attorney to inquire of a character witness brought forward by the appellants whether he had married a sister of one of the defendants, and upon an affirmative answer being given, whether they were divorced. The court's ruling was controlled by its discretion which was not abused.

Appellants complain that they were prevented from laying a predicate for impeachment of the state's witness Mullis. The record shows that the predicate was laid and that the appellants were untrammeled in their impeachment efforts.

The trial court did not err in admitting the testimony of the witness Gunnels to the effect that appellants had tried to sell him two steers on the day of the robbery. The prosecuting witness Raybourn testified that the appellants came to him at his cattle pens and interested him in the purchase of some steers; that appellants took him in their automobile to the country, ostensibly to look at said steers, and while on the way hit him with what looked like a gun, although it being night and the

only light present being from the car lights he could not be sure what it was they hit him with. The defendants told the interesting story that they met Raybourn in a drinking place and that Raybourn proposed to shoot some dice, and that in order to advance said enterprise they drove around a while in search of another dice shooter, but being unable to find him, went to Raybourn's cattle pens and spun a yarn to Raybourn's wife about going to look at steers because Raybourn told them this deception was necessary to allay the suspicions of Mrs. Raybourn, who frowned darkly on dice shooting and similar pastimes. Appellants said they and Raybourn got out into the country and shot dice in the light of the car lamps, and that they won all of Raybourn's money, about $50, and that he got sore and started a fight, and it became necessary to knock him out, which they proceeded to do, but with nothing more lethal than bare fists. The testimony of Gunnels was corroborative of Raybourn's testimony that defendants first approached him to sell steers and tends to refute the defendants' assertion that the contacts were made with dice-shooting intent. Considering these and other circumstances disclosed by the record, we would be reluctant to conclude that the testimony of witness Gunnels was not material as objected by appellants. Appellants concede that in doubtful cases of materiality the admission of testimony is largely in the discretion of the trial court, and we do not agree with appellants that the court went beyond the limits of sound discretion in admitting this testimony.

Appellants' fifth point is that the court erred in denying appellants' motion to dismiss the case on the ground that the information failed to charge an offense under the laws of this state, and in giving an instruction that the jury should find the defendants used a deadly weapon, or were armed with a deadly weapon, before it could convict them. It is claimed that the prosecution is under the provisions of section 35-701, N.M.Comp.St.Ann.1929, which inveighs against robbery when the robber is "armed with a dangerous weapon." It is said that because the information charged that the accused were armed with a "deadly weapon," no offense is charged under this statute. A deadly weapon is surely a dangerous weapon. It seems that this court in State v. Powers, 37 N.M. 595, 26 P.(2d) 230, considered it permissible to use the phrases "deadly weapon" and "dangerous weapon" interchangeably. See, also, State v. Penton, 157 La. 68, 102 So. 14.

At section 320 of Bishop on Statutory Crimes (3d Ed.), the author in discussing deadly and dangerous weapons uses the following language:

"Deadly Weapon.—The term 'deadly weapon' occurs in the common law of homicide and in various statutes. It is a weapon likely to produce death or great bodily injury. * * *

"Dangerous weapon.—Some of the statutes employ the term 'dangerous weapon.' It is a milder term than the other, yet otherwise of the same meaning. A weapon may be dangerous without being deadly."

And we think a weapon that is deadly is dangerous. If there is a technical difference, the appellants benefited by the use of the technically erroneous phrase, and therefore were not prejudiced.

We are unable to agree with appellants' contention that there is no substantial evidence to show that the appellants robbed Raybourn with a dangerous weapon.

Finding no error in the record, the judgment is affirmed and the cause remanded, and it is so ordered.

HUDSPETH, C. J., and SADLER, BRICE, and ZINN, JJ., concur.