87 P.2d 432

**STATE v. MITCHELL.**

No. 4393.

Supreme Court of New Mexico.

Jan. 31, 1939.

Robert A. Morrow, of Raton, for appellant.

Frank H. Patton, Atty. Gen., and Richard E. Manson, Asst. Atty. Gen., for the State.

MABRY, Justice.

Appellant was convicted upon trial by a jury for the offense of assault with a deadly weapon, described in the information as "a certain knife with which dangerous cuts could be given, and with which dangerous wounds and thrusts could be inflicted."

There are numerous errors assigned, most of them going to the question of unfair limitation upon appellant in his cross examination of the state's witnesses and to the refusal of the court to permit witness for the defense to testify to certain facts which appellant considered material. Assignments of this character will be passed over since the case will turn upon the determination of one or two other and more important questions here raised.

We have, under assignment and point number one, the question of whether the offense of simple assault is not included within the broader term "assault with a deadly weapon," and should have been under the information and facts of this case submitted under proper instruction to the jury.

A knife was produced which was claimed by the state to have been taken from the person of the appellant at the time of the assault. The assault occurred following or during a dance hall brawl and was near and about a barbed wire fence inclosing the premises. The prosecuting witness was found to have two or three cuts and lacerations around his neck, indicating a cut by a knife or some sharp instrument, but none of these were deep, though one of them was of some length, which indicated they might have been caused by coming in contact with barbs from a wire fence. It is appellant's contention that these wounds could have been inflicted upon the prosecuting witness by the barbed wire during a fist fight between such prosecuting witness and appellant, or that they might have been caused by a knife of such a character as not to constitute a deadly or dangerous weapon. The Court did not instruct upon simple assault.

The information, omitting the formal parts, charges: "With force and arms in and upon one James McMurrough, then and there being, did then and there unlawfully and feloniously make an assault with a certain deadly weapon, to-wit: a

certain knife, with which dangerous cuts could be given, and with which dangerous wounds and thrusts could be inflicted."

■ Section 35-3407 of the New Mexico Statutes Annotated, 1929 Compilation, defines deadly weapons.

The information in the case at bar uses the terms "A certain knife," etc. It is clear that the knife alleged to be used is not such an instrument that is specifically designated and declared by statute to be a deadly weapon. It is a well settled rule that "where the instrument used is not one declared by the statute to be a deadly weapon, it is ordinarily a question for the jury to determine whether it is so, considering the character of the instrument and the manner of its use." State v. Conwell, 36 N.M. 253, 13 P.2d 554, 555; 2 Wharton's Criminal Law, 11th Ed., sec. 848, p. 1069.

■ The evidence showing the slightness of the injury and the superficial character of the wounds claimed to have been inflicted by appellant would have warranted a jury in finding that the knife used, if they believed one was used, was not a deadly weapon, and that appellant was guilty of nothing more than simple assault; or, it justifiably might have believed that the wounds could have been caused by contact with the barbed wire near by, over and upon which some witnesses testified the tussle and fight occurred. In either event if the jury believed that a deadly weapon was not used by appellant a verdict of simple assault would have been justified.

■ The Attorney General, while not conceding that under statutes similar to ours simple assault is necessarily included in a charge of assault with a deadly weapon, as is held in the case of Chacon v. Territory, 7 N.M. 241, 34 P. 448, and as is doubtless held by the majority of cases upon the question, contends that even if that be true, still there must be in any event evidence of simple assault to justify a conviction for the lesser crime, and contends that the evidence here affords proof only of guilt of the crime of assault with a deadly weapon, or nothing. With this position we do not agree. There is substantial evidence in the record showing that there was a fight, blows were struck as between appellant and the prosecuting witness, and that both of them, during the fight, fell upon the barbed wire fence in question. Some of the witnesses testified that appellant had the knife in his hand, and others testified that they witnessed the fight but saw no knife in the hands of appellant. The prosecuting witness himself testified that he never saw a knife in the hands of the appellant. Appellant tendered a requested instruction upon the crime of simple assault, which was refused by the court. "Where, under the evidence, defendant may be found guilty of any offense necessarily included within the crime charged, the court should, on his request, so instruct the jury." 16 C.J. 1023.

This court avoided passing upon the question here presented in two previous cases before it for the reason that no in-

struction upon the question was requested. See Territory v. Gonzales, 14 N.M. 31, 89 P. 250; State v. Chavez, 19 N.M. 325, 142 P. 922, Ann.Cas.1917B, 127.

■ The general rule under statutes similar to our own is that aggravated assaults and assaults with deadly and dangerous weapons are held to embrace simple assaults. 31 C.J. 508-11, p. 861; 6 C.J.S., Assault and Battery, § 128d, p. 1005. We hold the law to be such here.

And, there being evidence in the case sufficient to justify a jury in finding appellant guilty of simple assault only, this should have been submitted by the court.

It is next argued that the requested instruction submitted by appellant was not actually and technically complete and accurate as defining simple assault. However, the instruction submitted was probably more unfavorable to appellant than if the statute had been strictly followed. The state could not complain of this.

■ The rule is well settled that the court's failure to instruct on some features of the case will be reviewable error only when and if the party has requested proper or correct instructions upon the subject. We have held heretofore (State v. Williams, 39 N.M. 165, 42 P.2d 1111) that the rule requiring the submission of correct and proper instructions before error in refusing to give some instruction upon the question may be reviewable, "must be consistent with and sometimes give way to the higher consideration of justice," [page 1112] and appellant here was clearly entitled to have the question of simple assault submitted. The court was advised of this desire by a sufficient though perhaps not altogether technically accurate or complete instruction.

■ Error was further assigned because of the alleged conduct of the trial judge in lecturing appellant's witness Delbert Fuquay, and detaining him pending an investigation to determine whether or not perjury charges should be brought against said witness. This point is elaborately argued by appellant, and he points out in a motion for a new trial that appellant was thus prejudiced by the court's action. There is nothing in the record to show that the lecturing and detention of the appellant's witness was in the presence of the jury. The presumption is that the court acted properly, and that all this occurred outside of the hearing of the jury. In fact appellant admits that the court's actual lecture of the witness was outside the hearing of the jury, but suggests that he was at least detained and taken from the court room by the sheriff in the presence of the jury. This, if true, could have been prejudicial, leading the jury to speculate as to whether appellant's witness had not in fact, in the opinion of the trial judge, testified falsely, and that he was then and there taken into custody because of the fact; but, there is nothing in the record, nothing beyond the mere statement of counsel in his motion, to show that the jury itself ever knew of the trial court's expression of displeasure at the manner or

142

character of the witness' testimony. Appellant ordinarily has the burden of showing that misconduct in trial of a cause was prejudicial. State v. Hernandez, 36 N.M. 35, 7 P.2d 930; State v. Costales, 37 N.M. 115, 19 P.2d 189. In the absence of a showing to overcome the presumption of fair and impartial conduct in this respect, we hold that there is no error.

Because of the failure of the trial court to submit the issue of simple assault the cause will be reversed and remanded for a new trial, and

It is so ordered.

BICKLEY, C. J., and ZINN and SADLER, JJ., concur.

BRICE, J., did not participate.