**TATUM v. UNITED STATES.**

No. 7518.

United States Court of Appeals for the

District of Columbia.

Decided Feb. 26, 1940.

Robert I. Miller and Joseph A. McMenamin, both of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., and John W. Jackson, Asst. U. S. Atty., both of Washington, D. C., for appellee.

Before STEPHENS, EDGERTON, and RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

Appellant Carrie E. Tatum was convicted of assault with a dangerous weapon, on an indictment charging that she "did make an assault in and upon one Dorothy M. Ragland, and her * * * did maim and disfigure, and that the said Carrie E. Tatum, in making the assault aforesaid, did cast and throw on and upon the said Dorothy M. Ragland, a certain corrosive liquid compound commonly * * * called lye." The Code of the District provides that "every person convicted of an assault with intent to commit mayhem, or of an assault with a dangerous weapon, shall be sentenced to imprisonment for not more than ten years."[1]

The question is whether the indictment supports the conviction. We think it does. An indictment which "contains the elements of the offense intended to be charged," shows what the defendant must be prepared to meet, and precludes later prosecution for the offense, is good although it does not precisely follow the language of the statute.[2] "The sufficiency of a criminal pleading is to be determined by practical, rather than technical, considerations."[3] This indictment charges an "assault" with "liquid * * * lye" which is "corrosive." Corrosive means "eating or gnawing; hence, destroying."[4] It is a fact that, as a doctor testified, "lye, in a person's eyes, could cause total and permanent blindness"; in this very case it caused total temporary blindness and severe burns.

"Weapon" includes "any instrument of offense; anything used, or designed to be used, in attacking an enemy * * *."[5] An automobile,[6] a rolled-up kit of tools,[7] or a pin,[8] is a "weapon" when

---

[1] 1929 Code, Tit. 6, § 27; 31. Stat. 1321.

[2] Hagner v. United States, 285 U.S. 427, 431, 52 S.Ct. 417, 76 L.Ed. 861.

[3] Beard v. United States, 65 App.D.C. 231, 234, 82 F.2d 837, certiorari denied, 298 U.S. 655, 56 S.Ct. 675, 80 L.Ed. 1382. Cf. R.S. § 1025, U.S.C. Tit. 18, § 556, 18 U.S.C.A. § 556.

[4] Century Dictionary.

[5] Century Dictionary.

[6] People v. Goolsby, 284 Mich. 375, 279 N.W. 867.

[7] People v. Crowl, 28 Cal.App.2d 299, 82 P.2d 507, 511.

[8] State v. Norwood, 115 N.C. 789, 20 S.E. 712, 44 Am.St.Rep. 498.

it is used as one. So, we think, is lye. "A dangerous weapon is one likely to produce death or great bodily injury." [9] The weapon need not meet both alternatives. Lye meets the second. Just as an assault with intent to do serious bodily harm need not be an assault with intent to kill, so an assault with a dangerous weapon need not be an assault with a deadly weapon.[10]

We need not decide whether assault with a dangerous weapon is "necessarily included" in mayhem. R.S. § 1035, U.S.C. Tit. 18, § 565, 18 U.S.C.A. § 565.

Affirmed.

---

[9] United States v. Williams, C.C., 2 F. 61, 64; United States v. Reeves, C.C., 38 F. 404, 406; Clemons v. State, 48 Fla. 9, 37 So. 647, 650; People v. Crowl, 28 Cal.App.2d 299, 82 P.2d 507, 511.

[10] It has long been recognized, despite some early cases to the contrary, United States v. Small, 1855, Fed.Cas. No. 16,- 314, that "a weapon may be dangerous without being deadly." Bishop, Statutory Crimes, 2 ed., § 320; State v. Walden, 41 N.M. 418, 70 P.2d 149. Cf. the phrase "dangerous or deadly weapon" used in some statutes. W.Va. Code 1937, 61-7-1.