367 P.2d 95

STATE of New Mexico, Plaintiff-Appellee,

v.

Jose Manuel MONTANO, also known as "Freckles," Defendant-Appellant.

No. 6934.

Supreme Court of New Mexico.

Dec. 21, 1961.

George A. Graham, Jr., Santa Fe, for appellant.

Earl E. Hartley, Atty. Gen., F. Harlan Flint and Norman S. Thayer, Jr., Asst. Attys. Gen., for appellee.

COMPTON, Chief Justice.

The appellant and one Frank Quintana were jointly charged in an information containing two counts. Count I charged robbery while armed with a dangerous weapon, a gun; Count II charged grand larceny. The accused, however, were tried separately, and Frank Quintana was convicted on both counts. From the judgment imposing sentences, he appealed. Upon review in this court, the conviction was sustained, State v. Quintana, 69 N.M. 51, 364 P.2d 120,

however, the sentence imposed for grand larceny was vacated. Appellant was also convicted on both counts and he has likewise appealed from the judgment imposing sentences upon him. The cases in a large measure involve common questions of law and fact. It is, therefore, unnecessary to discuss the claimed errors in this case in detail.

Three questions are posed for a reversal of the judgment, (1) the sufficiency of the evidence to sustain the verdict, (2) failure to establish the corpus delicti, and (3) double jeopardy due to the separate sentences imposed.

■ Under his first point, appellant's only complaint is that the evidence failed to identify him as a participant in the commission of the alleged offenses. There is no basis for this complaint. This specific question was raised by Quintana, and the sufficiency of the evidence with respect to him was reviewed at great length in the opinion in that case. Our review of the record in this case discloses that the identity of the appellant was established beyond a reasonable doubt by the same clear and convincing testimony that established the identity of his accomplice, Quintana.

■ It is contended that the state failed to establish the corpus delicti. This contention is based on the theory that there was no proof the gun used in effecting the rob-

bery was loaded. This contention is far fetched. "Deadly weapons * * * shall be construed to mean * * * any kind or class of pistol or gun * * * or any other deadly weapons with which dangerous wounds can be inflicted." Section 40-17-7, 1953 Comp. Appellant was convicted under Section 40-42-2, 1953 Comp., and the gist of the offense is the assault and robbery while armed with a "dangerous weapon," and there is no room for argument that a gun is not a dangerous weapon, whether loaded or unloaded. State v. Walden, 41 N.M. 418, 70 P.2d 149; Territory v. Gonzales, 14 N.M. 31, 89 P. 250; Chacon v. Territory, 7 N.M. 241, 34 P. 448.

Turning to the sentences imposed, the question raised here was disposed of in State v. Quintana, supra, and for the reasons set forth therein, the conviction on both counts will be sustained; nevertheless, the cause will be remanded to the district court with direction to vacate the sentence imposed under Count II of the information. In all other respects, the judgment should be affirmed.

It is so ordered.

CHAVEZ and MOISE, JJ., concur.

CARMODY and NOBLE, JJ., not participating.