517 P.2d 1306

STATE of New Mexico, Plaintiff-Appellee,

v.

Pete GONZALES aka Pedro Gonzales, Defendant-Appellant.

No. 1210.

Court of Appeals of New Mexico.

Dec. 19, 1973.

---

Dale B. Dilts, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

Defendant appeals his conviction of robbery while armed with a deadly weapon. Section 40A–16–2, N.M.S.A.1953 (2d Repl. Vol. 6). He claims the evidence as to "deadly weapon" is insufficient to sustain his conviction. We agree.

There is evidence that a "tire tool" was used in the robbery. Our statute does not specifically define a tire tool as a deadly weapon. The question then is whether it is a "* * * weapon which is capable of producing death or great bodily harm * * *" or a weapon "* * * with which dangerous wounds can be inflicted;" Section 40A–1–13, N.M.S.A.1953 (2d Repl.Vol. 6).

The question of whether a weapon comes within the above quoted statutory phrases is ordinarily for the jury; the jury is to determine the question by considering the character of the instrument and the manner of its use. State v. Mitchell, 43 N.M. 138, 87 P.2d 432 (1939). This rule applies to a tire tool. The character of the tire tool and its use, as a deadly weapon, is a question of fact. People v. Fisher, 44 Cal.Rptr. 302, 234 Cal.App.2d 189 (1965).

The jury can resolve the factual question: (1) either by a description of the weapon and its use, even though the weapon is not in evidence, People v. Carr, 131 Cal.App. 644, 21 P.2d 967 (1933); compare State v. Vargas, 42 N.M. 1, 74 P. 2d 62 (1937); (2) or by viewing the weapon admitted into evidence even though it is not described, State v. Belfiglio, 232 Mo. 235, 134 S.W. 508 (1911). Compare State v. Conwell, 36 N.M. 253, 13 P.2d 554 (1932) where the weapon and its use was described and the weapon was also introduced as evidence.

In this case the tire tool was not offered as evidence. According to the service station attendant who was robbed, the other man [defendant was convicted as an accessory, see § 40A–1–14, N.M.S.A.1953 (2d Repl.Vol. 6)], "got a tire tool," raised it over the attendant's head "[m]ore like a threat" and told the attendant to open the cash box. The tire tool was not described; we know nothing as to its size, length or weight. Specifically, there was no evidence before the jury as to the "character of the instrument." See State v. Belfiglio, supra; Coleman v. State, 49 Tex.Cr.R. 82, 90 S.W. 499 (1905).

Raising the undescribed tire tool over attendant's head "like a threat" was the only evidence on the question of whether the tire tool was a deadly weapon. This evidence, without more, was insufficient for a determination that the tire tool was capable of producing death or great bodily harm or a weapon with which dangerous wounds could be inflicted. Compare People v. Fisher, supra; People v. Carr, supra; State v. Belfiglio, supra.

The conviction is reversed. The reversal being for failure of proof, the cause is remanded with instructions to dismiss the charge of robbery while armed with a deadly weapon. State v. Losolla, 84 N.M. 151, 500 P.2d 436 (Ct.App.1972); State v. Malouff, 81 N.M. 619, 471 P.2d 189 (Ct. App.1970).

It is so ordered.

HERNANDEZ, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

A "deadly weapon" also includes by definition a "bludgeon." Section 40A–1–13(B), N.M.S.A.1953 (2nd Repl.Vol. 6).

In Morgan v. State, 220 Tenn. 247, 415 S.W.2d 879 (1967), defendants were convicted of armed robbery. Defendants contended there was no use of a deadly weapon. One of the victims thought an object covered by a sock held by a defendant was a "tire tool." There was no description of the object. The court said:

> It is our opinion a car tool, knife or other hard object wrapped in a sock and used as a bludgeon or club to assault a person in perpetration of a robbery and thereby endanger the person's life is a deadly weapon within the meaning of the statute.

In State v. Walden, 41 N.M. 418, 70 P.2d 149 (1937), the victim of a robbery testified that he was hit "with what looked like a gun, although it being night and the only light present being from car lights he could not be sure what it was they hit him with." A conviction for armed robbery with a dangerous weapon was upheld.

Where defendants were found guilty of armed robbery, a "tire iron", without description, was sufficient to constitute a deadly weapon. People v. Fischer, 234 Cal.App.2d 189, 44 Cal.Rptr. 302 (1965).

It is a question of fact for a jury to determine whether "a certain knife", if used in a fight, was a deadly weapon. State v. Mitchell, 43 N.M. 138, 87 P.2d 432 (1939).

In Allen v. United States, 157 U.S. 675, 679, 15 S.Ct. 720, 721, 39 L.Ed. 854 (1895), the court said:

> In one sense it may be true that sticks or clubs are not deadly weapons. . . . . But when a fight is actually going on sticks and clubs may become weapons of a very deadly character. Life may be endangered or taken by blows from them as readily as by balls from a pistol.

See Case Note, 21 L.R.A.,N.S., 497 (1909); Annot., 30 A.L.R. 815 (1924).

A tire tool is not a deadly weapon per se. It depends upon how it is used. If it is used in a threatening manner over the head of a victim, it becomes a question of fact for the jury to determine whether the tire tool was a deadly weapon. The jury found it was.

It is a matter of common knowledge that a "tire iron" or "tire tool" is an instrument of manual operation, that is, an instrument to be used and managed by the hands to be used by a filling station operator for defects or problems involving tires of automobiles. See, Rowland v. Reynolds Electrical Engineering Co., 55 N.M. 287, 232 P.2d 689 (1951); 86 C.J.S. Tool p. 915. It is not necessary to describe it to a jury. The public knows what it is and what it is used for in the trade.

This conviction should be affirmed.