## YATES v. UNITED STATES.

### No. 10973.

Circuit Court of Appeals, Ninth Circuit.

Oct. 26, 1945.

Alfred J. Hennessy, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and James T. Davis, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GARRECHT, MATHEWS and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, John Edward Yates, was indicted under §§ 272 and 276 of the Criminal Code, 18 U.S.C.A. §§ 451, 455.[1] The indictment charged that appellant, on or about

[1] Section 272 of the Criminal Code, 18 U.S.C.A. § 451, provides that the crimes and offenses defined in chapter 11 (§§ 272–289) of the Criminal Code, 18 U.S. C.A. §§ 451–468, shall be punished as therein prescribed, "When committed upon the high seas, or on any other waters within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State, or when committed within the admiralty and maritime jurisdiction of the United States and out of the jurisdiction of any particular State on board any vessel be-

February 4, 1944, "in and on board a certain American vessel known as and called the 'President Johnson,' belonging in whole or in part to the American President Lines, Inc., a corporation created by and under the laws of the State of Delaware, on waters within the admiralty and maritime jurisdiction of the United States, and out of the jurisdiction of any particular State of the United States, to-wit, at Purvis Bay, Florida Island, Solomon Island Group, then and there being, with a knife or some sharp instrument, a more particular description of said knife or instrument being to the Grand Jurors unknown, then and there unlawfully, feloniously, wilfully with malice aforethought, and with intent to kill Henry Frederick Olsen, did assault, beat, strike, cut and stab said Henry Frederick Olsen, a male human being, with said knife or sharp instrument, in the side and arm and elsewhere in and upon the body of said Henry Frederick Olsen."

Appellant was arraigned, pleaded not guilty and was tried. The jury returned the following verdict: "We, the jury, find John Edward Yates, the defendant at the bar, guilty of an assault with a deadly weapon." The court thereupon entered a judgment sentencing appellant to be imprisoned for five years. From that judgment this appeal is prosecuted.

Section 276 of the Criminal Code, 18 U.S.C.A. § 455,[2] defines the offense of assaulting another with intent to commit murder or rape, the offense of assaulting another with intent to commit a felony other than murder or rape, the offense of assaulting another with a dangerous weapon, instrument or other thing with intent to do bodily harm and without just cause or excuse, the offense of unlawfully striking, beating or wounding another, and the offense of unlawfully assaulting another. It says nothing about an assault with a deadly weapon.

■ The indictment did not charge the offense of assaulting another with intent to commit murder or rape, the offense of assaulting another with intent to commit a felony other than murder or rape, or the offense of assaulting another with a dangerous weapon, instrument or other thing with intent to do bodily harm and without just cause or excuse. It did, however, charge the offense of unlawfully striking, beating and wounding another and the offense of unlawfully assaulting another.[3]

■ The indictment was not challenged on the ground of duplicity or any other ground. Whether it was duplicitous need not be considered, the defect, if any, having been cured by verdict.[4]

■ Appellant was not found guilty of the offense of assaulting another with intent to commit murder or rape, the offense of assaulting another with intent to commit a felony other than murder or rape, the offense of assaulting another with a dangerous weapon, instrument or other thing with intent to do bodily harm and without just cause or excuse, or the offense of unlawfully striking, beating or wounding another. He was, however, found "guilty of an assault with a deadly weapon." The indictment, as shown above, charged an assault —the offense of unlawfully assaulting another—but did not charge an assault with a

---

longing in whole or in part to the United States or any citizen thereof, or to any corporation created by or under the laws of the United States, or of any State, Territory, or District thereof." Section 276 of the Criminal Code, 18 U.S.C.A. § 455, provides: "Whoever shall assault another with intent to commit murder, or rape, shall be imprisoned not more than twenty years. Whoever shall assault another with intent to commit any felony, except murder, or rape, shall be fined not more than $3,000, or imprisoned not more than ten years, or both. Whoever, with intent to do bodily harm, and without just cause or excuse, shall assault another with a dangerous weapon, instrument, or other thing, shall be fined not more than $1,000, or imprisoned not more than five years, or both. Whoever shall unlawfully strike, beat, or wound another, shall be fined not more

than $500, or imprisoned not more than six months, or both. Whoever shall unlawfully assault another, shall be fined not more than $300, or imprisoned not more than three months, or both."

[2] See footnote 1.

[3] As shown above, the indictment charged that appellant "unlawfully * * * did assault, beat, strike, cut and stab * * * Henry Frederick Olsen."

[4] Connors v. United States, 158 U.S. 408, 15 S.Ct. 951, 39 L.Ed. 1033; Durland v. United States, 161 U.S. 306, 16 S.Ct. 508, 40 L.Ed. 709; Wiborg v. United States, 163 U.S. 632, 16 S.Ct. 1127, 1197, 41 L.Ed. 289; Haussener v. United States, 8 Cir., 4 F.2d 884; Greater New York Live Poultry Chamber of Commerce v. United States, 2 Cir., 47 F.2d 156; Blackwood v. United States, 8 Cir., 138 F.2d 461.

deadly weapon. Not being responsive to the indictment, the words "with a deadly weapon" may be rejected as surplusage.[5] Rejecting these words, we conclude that appellant was found guilty of the offense of unlawfully assaulting another and was not found guilty of any other offense.

For the offense of which appellant was found guilty, § 276 of the Criminal Code, 18 U.S.C.A. § 455, prescribes a fine of not more than $300, or imprisonment of not more than three months, or both. In imposing a severer sentence, the trial court erred.

Judgment reversed and case remanded with directions to enter judgment imposing a sentence within the limits prescribed.

HEALY, Circuit Judge (dissenting).

I am unable to go along with the decision of my associates, notwithstanding I believe the result they reach is not greatly out of harmony with the result the jury itself desired to arrive at. In my view we can do no more than reverse and remand for a new trial.

I think the indictment sufficiently charged the crime of assault with intent to commit murder as that crime is defined in § 276 of the Criminal Code. I think, also, that the verdict actually found was one which might properly have been returned under the indictment and in conformity with the statute. Further, I agree that the crime denounced by the statute of unlawfully striking, beating, or wounding another is an included offense of which, under an indictment framed as this one was, a verdict of guilty might properly be returned.

Here the jury were confined by the judge to one of three courses; under the instructions they might find appellant either not guilty, or guilty of assault with intent to commit murder or of assault with a dangerous or deadly weapon—both felonies heavily punishable under the statute. Appellant had requested an instruction permitting the return of a verdict for one or the other of the lesser offenses defined by the statute, and he excepted to the court's failure so to instruct. During their deliberations the jury asked the judge for permission to return a verdict other than one of those permitted by the instructions; and it is clear from the record that they desired to find appellant guilty of a lesser included offense. The judge, however, declined to permit them to depart from the forms of verdict submitted.

This was clear error. There was evidence upon which appellant might properly have been found guilty of an offense no more serious than that of unlawfully striking and wounding another. Had the jury been afforded the leeway they asked and to which they were entitled it is apparent that they would have returned a verdict for a minor included offense, although a finding of simple assault would hardly have been warranted on the evidence.

The sentence imposed was imprisonment for five years, whereas the punishment for unlawfully striking and wounding could not exceed six months. Thus, from the circumstances of the trial, prejudice is manifest.

For the reasons given I think the judgment should be reversed and the cause remanded for further proceedings. The hardship of the case should not hurry us into laying down bad law. It would be enough on remand to suggest that the prosecution accept and the court approve a plea of guilty to the included misdemeanor.