**UNITED STATES of America,**
**Appellee,**

v.

**Everett Vernon LOWERY, Appellant,**
**No. 8388.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 6, 1961.

Decided Nov. 15, 1961.

**134**

T. Brooke Howard, Alexandria, Va., for appellant.

Plato Cacheris, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BELL, Circuit Judges.

PER CURIAM.

The appellant Lowery, a member of the Washington National Airport Police, was indicted for an assault in violation of 18 U.S.C. § 113(d) in connection with an arrest made at the Washington National Airport on the 20th day of March, 1957.

The judge below, sitting without a jury, found Lowery to be guilty of a simple assault within the terms of 18 U.S.C. § 113(e). From this conviction he appeals, contending that there was insufficient evidence from which to find the appellant guilty; that simple assault is not a lesser included offense within the terms of this case, and that the Trial Court evidenced such bias and prejudice that this court should conclude from the record that the appellant did not receive a fair and impartial trial.

While the evidence before the trial judge was conflicting, it appears that one Mr. Charles Killelea, a 61 year old engineer, resident of the District of Columbia, drove his car to the airport on the day in question to put his house guests on a departing plane. After assisting his guests to unload their baggage, he returned to his car for the purpose of driving it to a nearby parking lot with the intention of returning to see his guests off. The accused Lowery, a police officer, stopped him as he entered his car and told him that he was illegally parked. There ensued an argument during which Killelea testified that Lowery struck him in the face—Lowery denies this. It was generally agreed, however, that the officer informed Killelea that he was under arrest and sought to remove him from his car. Killelea refused to get out and Lowery grasped his arm, attempting to pull him from the car. Killelea braced himself against the back of the seat and held tightly to the steering wheel. Upon the arrival of another officer, who entered the car from the right hand side, Lowery succeeded in jerking Killelea out of the car into a sitting position on the sidewalk where he remained for several minutes until the arrival of the patrol car. Three officers placed Killelea in the

car and took him to the station located in the airport, where, according to Killelea, they administered a beating. He was placed in jail and not released until after midnight. There was corroborating evidence by the wife and a doctor that Killelea suffered a black eye and various contusions and abrasions that evening; that his clothes were torn, his shirt bloody, and that he was in a state of shock when he arrived home at 1:00 a. m.

The testimony of the arresting officers varied as to the condition of Killelea at the time of his arrest. One stated that he was drunk and smelled of alcohol, while another stated that he was not drunk and that he did not smell of alcohol.

Lowery denied striking Killelea, as did all of the officers, but Lowery stated that he removed the ignition key from Killelea's car and placed him under arrest for illegal parking and failure to display his operator's license; that he forcibly removed him from the car and caused him to sit in the street until the patrol car arrived.

█ Whether the officer used an unreasonable amount of force in maintaining his arrest was a question of fact. In such cases as this where evidence is in direct conflict, the opportunity of the trier of fact to observe the demeanor of witnesses and judge their credibility is especially valuable, and his decision should not be disturbed without sound reason. It is not the function of this Court to determine guilt or innocence. We must sustain the Trial Court if there is substantial evidence, taking the view of the evidence most favorable to the Government to sustain it. Jelaza v. United States, 179 F.2d 202, at page 205 (4 Cir.1950). Such evidence was present here in the testimony of Killelea, even though the Court may have rejected much of what he said. It could also be found to some extent in the testimony of the officers. Fed.Rules Cr.Proc. rule 23(c), 18 U.S.C.

█ We cannot agree with the appellant's contention that the offense of simple assault is not included within that of an assault by striking with the fist. Cf. Yates v. United States, 151 F.2d 580 (9 Cir.1945). Landrum v. United States, 62 App.D.C. 18, 63 F.2d 990 (1933). Fed.Rules Cr.Proc. rule 31(c).

█ Finally, we would not interpret the Trial Judge's diligent effort to discover exactly what happened during and after the arrest as evidence of any bias against the defendant. This is especially true in view of the conflicting testimony of the officers.

The judgment below is affirmed.