UNITED STATES of America,
Appellee,

v.

James Edward JOHNSON, Jr., Appellant.

No. 9014.

United States Court of Appeals
Fourth Circuit.

Argued Sept. 30, 1963.

Decided Nov. 6, 1963.

Edwin H. Pierce, Jr., Alexandria, Va. (Court-assigned counsel), for appellant.

Plato Cacheris, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and THOMSEN, District Judge.

SOBELOFF, Chief Judge.

The defendant appeals from his conviction by the District Judge sitting without a jury in the Eastern District of Virginia for an assault with a dangerous weapon, 18 U.S.C.A. § 113(c). He was charged with using a metal and plastic chair which the indictment alleged, and the District Court found, to be a danger-ous weapon. The defendant admits that the Government has proven a case of assault but denies using a chair, claiming that he only used his fists.

At the time of the offense the defendant was an inmate of the Youth Center, District of Columbia Department of Corrections, Lorton, Virginia. Cassidy, a guard at the Center, was the assault victim. Since he was absent from the trial due to an unrelated illness, the parties entered into a stipulation as to what he would have testified to if present. According to the stipulation, Cassidy had ordered the defendant to clean the day room (recreation room) but the defendant ignored the order and returned to his room. Later in the day, Cassidy heard a noise outside of his office and, upon investigating, found the defendant standing outside his door with a chair raised over his head. This the defendant brought down on the guard, striking him in the region of the left eye and causing a laceration. Cassidy called for help over the intercom system and two other guards came to his assistance. The three subdued the defendant.

At trial, the two other guards corroborated Cassidy's testimony to the extent that they did answer his call for help, saw the defendant with a chair in his hands, saw Cassidy bleeding, and aided in bringing the defendant under control. Both admitted, however, that they did not actually see the defendant strike Cassidy with the chair. The prison doctor testified that he treated Cassidy for the head wound which proved to be not serious. The laceration was cleansed and dressed and Cassidy was instructed to return for further dressings. No stitches were required and Cassidy lost no time from work.*

The defendant's version, on the other hand, was that he returned to Cassidy's

---

\* The doctor described the injury as follows: "[The assault victim] had lacerations about a half inch long horizontal in the hair line on the left side. There was also considerable swelling and ecchymosis of the upper and lower lids of the left eye. In addition there was an ecchymo-sis area about 3.5 centimeters in diameter on the right elbow, and a small superficial abrasion in the mid portion lateral half of the right forearm. I x-rayed the right elbow and the left orbital area which were negative for fracture."

266

office to try to persuade him not to write a disciplinary report for his refusal to clean the day room. The defendant admitted that, having failed to persuade the guard, he struck him with his fists, but denied using the chair.

■■■ It is not the function of this court to weigh conflicting testimony. The present posture of the case requires us to view the evidence in the light most favorable to the Government, United States v. Lowery, 306 F.2d 133 (4th Cir. 1961), and if there is substantial evidence supporting the lower court's conclusion, it will not be disturbed. Harris v. United States, 283 F.2d 923 (4th Cir. 1960). Such evidence was present in the testimony of Cassidy, corroborated by the two other guards and the prison doctor.

■■■ The main legal contention is that a chair is not a dangerous weapon. While it may not be a dangerous weapon per se, 4 Am.Jur. Assault and Battery § 34, p. 145, almost any object "which as used or attempted to be used may endanger life or inflict great bodily harm." United States v. Anderson, 190 F.Supp. 589, 591 (D.Md.1960), or which, as it is sometimes expressed, "is likely to produce death or great bodily harm," Tatum v. United States, 71 App.D.C. 393, 110 F.2d 555, 556 (1940), can in certain circumstances be a dangerous weapon. Illustrating this principle, courts have held that a wine bottle can be a dangerous weapon, Thorton v. United States, 106 U.S.App.D.C. 7, 268 F.2d 583 (1959); shoes can be dangerous weapons, Medlin v. United States, 93 U.S.App.D.C. 64, 207 F.2d 33 (1953); a rake can be a dangerous weapon, Eagleston v. United States, 172 F.2d 194 (9th Cir. 1949); a thrown club can be a dangerous weapon, United States v. Anderson, 190 F.Supp. 589 (D. Md.1961); a brick can be a dangerous weapon, State v. Perry, 226 N.C. 530, 39 S.E.2d 460 (1946); and a chair leg can be a dangerous weapon, Wisniewski v. State, 51 Del. 84, 138 A.2d 333 (1957). Not the object's latent capability alone, but that, coupled with the manner of its use, is determinative. The chair in the instant case was metal and plastic. It

was wielded from an upright (overhead) position and brought down upon the victim's head. Fortuitously, the wound inflicted was not serious, but had the blow fallen an inch lower it could have endangered Cassidy's eye, or if slightly higher, a dangerous head wound was likely. Evidence of such use of a chair is sufficient to support its characterization by the District Court as a dangerous weapon.

Judgment affirmed.