UNITED STATES of America,
Plaintiff-Appellee,

v.

James William DAULTON, Defendant-
Appellant.

No. 73–2847
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Dec. 3, 1973.

Sidney S. Jones, (Court appointed) Thomas L. Carter, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., J. Robert Cooper, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

James William Daulton was convicted of an assault with intent to commit murder upon one of his cell mates in the United States Penitentiary at Atlanta, 18 U.S.C. § 113(a).

The proof for the government showed that the means and force used by the defendant were three bars of soap wrapped in a towel which made a highly effective club. Moreover, he attempted to strangle his intended victim with another towel.

Daulton now contends on appeal that this weaponry was not "deadly" and that he thus could not have been guilty of the offense charged. For a refutation of this contention see United States v. Johnson, 4 Cir., 1963, 324 F.2d 264, 266. The principal statement of the opinion in the *Johnson* case is well worthy of quotation:

> The main legal contention is that a chair is not a dangerous weapon. While it may not be a dangerous

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, et al., 5 Cir., 1970, 431 F.2d 409, Part I.

weapon per se, 4 Am.Jur. Assault and Battery § 34, p. 145, almost any object "which as used or attempted to be used may endanger life or inflict great bodily harm." United States v. Anderson, 190 F.Supp. 589, 591 (D. Md.1960), or which, as it is sometimes expressed, "is likely to produce death or great bodily harm," Tatum v. United States, 71 App.D.C. 393, 110 F.2d 555, 556 (1940), can in certain circumstances be a dangerous weapon. Illustrating this principle, courts have held that a wine bottle can be a dangerous weapon, Thornton v. United States, 106 U.S.App.D.C. 7, 268 F.2d 583 (1959); shoes can be dangerous weapons, Medlin v. United States, 93 U.S.App.D.C. 64, 207 F.2d 33 (1953); a rake can be a dangerous weapon, Eagleston v. United States, 172 F.2d 194 [12 Alaska 213] (9th Cir. 1949); a thrown club can be a dangerous weapon, United States v. Anderson, 190 F.Supp. 589 (D.Md.1961); a brick can be a dangerous weapon, State v. Perry, 226 N.C. 530, 39 S.E. 2d 460 (1946); and a chair leg can be a dangerous weapon, Wisniewski v. State, 51 Del. 84, 138 A.2d 333 (1957). Not the object's latent capability alone, but that, coupled with the manner of its use, is determinative.

■ It is also argued that a confession admitted at the trial was obtained in violation of Daulton's *Miranda* rights. He was given full warning of his *Miranda* rights in the first interview with government agents on December 26, 1972 and chose at that time not to say anything. Thirteen days later, the appellant sent for the agents to come to see him so he could tell his side of the story. On this second occasion the agents read him a form, advising him of his rights, but it failed to include a statement of his right to appointed counsel if he could not afford an attorney. This second warning was given by the same interviewing officer who had first given the *Miranda* warnings in a full and complete form. There was further evidence that prior to this confession the appellant had a conversation with the prison warden in which he stated his awareness of his entitlement to an attorney. In this situation, having been given the full warning on an occasion when he declined to talk, and being aware of his entitlement to counsel, we attribute no reversible significance to the inadvertent omission of a portion of the warning on the second occasion. See United States v. Springer, 7 Cir., 1972, 460 F.2d 1344; United States v. Hopkins, 5 Cir., 1970, 433 F.2d 1041; Maguire v. United States, 9 Cir., 1968, 396 F.2d 327. The fact that Daulton requested the second interview and was warned by identically the same man who had previously warned him, negates any idea of involuntariness generated by failure to mention a fact already known to the prisoner.

■ It is additionally assigned that certain photographs were erroneously admitted at the trial and that the prosecutor was guilty of impropriety in his closing argument. There was no objection below and these trial events fall far below the status of plain error. The same may be said of jury instructions which the appellant now claims should have been given but about which there was no objection below, Rule 30, F.R. Cr.P.

The Judgment of conviction is clearly entitled to be affirmed.

Affirmed.