**UNITED STATES of America, Appellee,**

v.

**Peter Jacob Spotted WARBONNET a/k/a Pete Spot, Appellant.**

**No. 84-1794.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1984.

Decided Dec. 19, 1984.

Max A. Gors, Pierre, S.D., for appellant.

Mikal Hanson, Pierre, S.D., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Peter Jacob Spotted Warbonnet was convicted of assault with intent to commit murder in violation of 18 U.S.C. §§ 1153 and 113(a), and of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(f). He was sentenced to two ten-year prison terms to run concurrently. For reversal he alleges that his conviction for assault with intent to commit

murder was not supported by sufficient evidence[1] and that his confession was involuntary. We affirm.

■ In considering the sufficiency of the evidence supporting the conviction, we must assume that the government's evidence is truthful and valid, and we must give the government the benefit of all reasonable inferences which may logically be drawn from that evidence. *United States v. Young*, 702 F.2d 133, 137 (8th Cir.1983). Under this standard, we find that reasonable inferences from the evidence are sufficient to support the guilty verdict. Warbonnet beat his common law wife with remarkably vicious intensity. Witnesses who were in the house testified that the impact of the blows suffered by the victim could be heard in the next room and that the beating lasted over fifteen minutes. The victim suffered severe bruising, swelling and bleeding around her head and abdomen which, according to a neurosurgeon's testimony, led to neurological damage which impaired her speech and muscle reflexes.

■ Evidence of the circumstances surrounding a vicious beating suffices to support an intent to kill. *State v. Clark*, 214 Kan. 293, 521 P.2d 298, 299 (Kan.1974). Intent may be inferred from "proof of the reckless character and manner of the assault, the instrument made use of by the assailant, and the other facts and circumstances shown by the evidence as indicating a malicious heart and mind." *People v. Nickolopoulos*, 25 Ill.2d 451, 185 N.E.2d 209, 210 (1962), quoting *People v. Carter*, 410 Ill. 462, 102 N.E.2d 312, 314–15 (1951). *See also United States v. Guilbert*, 692 F.2d 1340, 1344 (11th Cir.1983), *cert. denied*, 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983) (intent "is to be judged objectively from the conduct of the actor and what we in the position of the victim might reasonably conclude"). We find that evidence of Warbonnet's ferocity, including his use of a belt around his victim's neck,[2] amply supports the jury's verdict.

■ It is well-established that use of an involuntary confession violates a defendant's due process rights. *Jackson v. Denno*, 378 U.S. 368, 376, 84 S.Ct. 1774, 1780, 12 L.Ed.2d 908 (1964). In evaluating the voluntariness of confessions, this Court relies on a flexible consideration of the totality of the circumstances, including "the specific tactics utilized by the police in eliciting the admissions, the details of the interrogation * * *, and the characteristics of the accused * * *." *Rachlin v. United States*, 723 F.2d 1373, 1377 (8th Cir.1983) (citations omitted). Absent clear error, this Court will not review a finding of voluntariness. *United States v. Gorel*, 622 F.2d 100, 105–06 (5th Cir.1979), *cert. denied*, 445 U.S. 943, 100 S.Ct. 1340, 63 L.Ed.2d 777 (1980). At the beginning of his interview, Warbonnet was advised of his rights and, although he was being detained officially on a different charge, the interviewing investigator specified that his questions pertained to the victim's injuries. Although Warbonnet had been drinking at the time of the incident, fifteen hours had elapsed by the time he was interviewed. In addition, careful review of the confession reveals no coercive or abusive police tactics. Thus, under the circumstances, we cannot say that the district court erred in concluding that the confession was voluntary.

Accordingly, the judgment of the district court is affirmed.

---

1. Warbonnet does not challenge the sufficiency of the evidence supporting his other assault charge and we do not consider that evidence here.

2. *See United States v. Johnson*, 324 F.2d 264, 266 (4th Cir.1963). ("Not the object's latent capability alone, but that, coupled with the manner of its use, is determinative.")