966 F.2d 1445
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Cameron Levelle MATTHEWS, Defendant-Appellant.
 No. 91-5888.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: May 14, 1992
Decided: June 5, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, District Judge. (CR-90-117-3)
 Elizabeth D. Scher, Morchower, Luxton and Whaley, Richmond, Virginia, for Appellant.
 Richard Cullen, United States Attorney, N. George Metcalf, Assistant United States Attorney, Sara E. Heath, Third Year Law Student, Richmond, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Cameron Levelle Matthews appeals his jury conviction for assault with a dangerous weapon, in violation of 18 U.S.C.s 113(c) (1988), and attempting to elude a law enforcement officer on a military reservation, in violation of Va. Code Ann. § 46.2-817 (Michie 1989), as assimilated for federal prosecutions at 18 U.S.C.s 13 (1988). Matthews argues only that the evidence was insufficient to sustain his assault conviction. We find no merit in the appeal and affirm the judgment of the district court.
 
 
 2
 Matthews was indicted by a federal grand jury on three charges after a traffic incident at the Sixth Street entrance gate to Fort Lee, Virginia, a U.S. Army installation, on December 2, 1990.* The government charged that Matthews tried to flee the gate area by aiming his vehicle at, and striking with his car, a military policeman trying to stop him. At trial, Matthews twice moved for acquittal, which the district court denied. Matthews did not present any evidence at trial.
 
 
 3
 Evidence is sufficient to support the jury's verdict when, viewing the evidence in the light most favorable to the prosecution, any rational fact-finder could find the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979); Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 4
 To prove assault with a deadly weapon under 18 U.S.C. § 113(c), the government had to show an assault, the use of a dangerous weapon, and a specific intent to do bodily harm without just cause or excuse. United States v. Guilbert, 692 F.2d 1340, 1343 (11th Cir. 1982), cert. denied, 460 U.S. 1016 (1983). Under the statute, assault can be either an attempt to commit a battery, which is a criminal assault, or an act putting another person in reasonable apprehension of immediate bodily harm, which is a tortious assault. 692 F.2d at 1343. The definition of a dangerous weapon under the statute is not limited to guns and knives, but includes other objects that may endanger life or inflict great bodily harm in their attempted use. United States v. Johnson, 324 F.2d 264, 266 (4th Cir. 1963). A car accelerating toward an officer may be a dangerous weapon. United States v. Gibson, 896 F.2d 206, 210 & n.1 (6th Cir. 1990). Specific intent may be inferred from objective evidence such as the actor's conduct. United States v. Warbonnet, 750 F.2d 698, 700 (8th Cir. 1984).
 
 
 5
 Here, the jury had ample evidence on which to convict Matthews of assault with a dangerous weapon. Specialist Brad Nelson testified that he stopped Matthews's car at the gate and had Matthews pull over. A short time later, Nelson tried to grab the car door when Matthews was driving off. When Matthews made a U-turn and began exiting the base, Nelson ran across the median strip into the left hand exit lane, held up his left hand, and ordered Matthews to stop. Matthews, who was in the right hand exit lane, switched into the lane Nelson was standing in and accelerated. Nelson testified he made eye contact with Matthews and "I knew that the vehicle was going to hit me." Nelson kept his left hand out and threw the rest of his body back toward the median strip. Nelson said his left hand struck the car frame adjacent to the driver's window with the force of the impact spinning him around so that his right hand hit the center of the driver's window. Nelson said that he rolled off the car and that Matthews then switched into the right hand lane.
 
 
 6
 Matthews was eventually stopped by another military policeman, Sergeant Kenneth Lipinski, who testified that Nelson told him, as Lipinski sped past the gate shack, that Matthews"tried to hit me." While Lipinski saw Matthews switch lanes he did not see the car hit Nelson because another vehicle obstructed his vision.
 
 
 7
 A third prosecution witness, Private Ginna Lisenby, testified that she was on guard duty at the gate at the time of the incident. She said that she saw Matthews switch lanes in an attempt to hit Nelson, but that she did not see the car hit Nelson because of where she was standing.
 
 
 8
 This testimony was sufficient to prove either an attempted battery or placing another in reasonable apprehension of an immediate bodily injury. Matthews's car qualifies as a dangerous weapon because it was used in a manner likely to cause bodily harm. Gibson, 896 F.2d at 210 n.1. Matthews's specific intent can be inferred from his switching into the lane in which Nelson was standing and not moving his vehicle back to the outer lane to prevent a collision until after he had passed within inches of Nelson. Matthews did not raise any affirmative defense to prove just cause or excuse.
 
 
 9
 Finding no error, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 The third charge of driving under a revoked license, in violation of Va. Code Ann. § 46.2-301 (Michie 1989) as assimilated by 18 U.S.C. § 13 (1988), was never considered by the jury. The district court directed a verdict in Matthews's favor on this count