**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4960**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

      v.

MARLO ANTONIO PERRY,

             Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Henry M. Herlong, Jr., District Judge.  (8:07-cr-00278)

Submitted:  April 25, 2008              Decided:  June 19, 2008

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lora E. Collins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  Reginald I. Lloyd, United States Attorney, E. Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marlo Antonio Perry appeals his sentence on a guilty plea to one count of forcibly assaulting a corrections officer while she was engaged in her official duties, in violation of 18 U.S.C. § 111(a) (2000). The district court sentenced Perry to eighty-seven months' imprisonment and three years of supervised release, to run consecutive to the sentence Perry presently is serving. Specifically, Perry challenges the district court's application of a four-level upward adjustment imposed pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2(b)(2)(B) (2006), for use of a dangerous weapon. We affirm.

The uncontested facts of the assault are that Perry assaulted a correctional officer by throwing a hard plastic food tray at her, causing radial tunnel syndrome in her left arm, and leaving her with permanent injury and disability relative to the use of her arm. Perry claims error on the basis that the district court considered the results of the assault in its determination that the adjustment was appropriate.

The Guidelines define "dangerous weapon" as "an instrument capable of inflicting death or serious bodily injury," USSG § 1B1.1, application n.1. We previously have held that "what constitutes a dangerous weapon depends not on the object's intrinsic character but on its capacity, given 'the manner of its use,' to endanger life or inflict serious physical harm." United

States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (quoting United States v. Johnson, 324 F.2d 264, 266 (4th Cir. 1963)). See also United States v. Moore, 846 F.2d 1163, 1166 (8th Cir. 1988). Accordingly, an instrument need not be inherently dangerous to be a dangerous weapon, and "innocuous objects or instruments may become capable of inflicting serious injury when put to assaultive use." Sturgis, 48 F.3d at 787.

Applying these standards of consideration to the present case, we find that, while the plastic food tray was not inherently dangerous, and, under other circumstances, was innocuous, Perry's use of the tray as an assaultive weapon was clearly capable of, and did, inflict serious injury. Thus, both as defined under the Guidelines, and in light of applicable law, Perry's use of the tray under the circumstances in which he used it, and considering the serious injury he inflicted on his victim, fully supports the district court's application of the upward adjustment.

Moreover, consideration of the results of the use of the instrument in the application of these standards was not error. Contrary to Perry's assertion, the food tray clearly was capable of inflicting serious bodily injury because it, in fact, did inflict serious bodily injury upon the correctional officer.

Accordingly, we find appropriate the district court's application of a four-level adjustment pursuant to USSG § 2A2.2(b)(2)(B), and we affirm Perry's conviction and sentence.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED