**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4216**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

CHARLES AARON COOPER,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Alexander Williams, Jr., District Judge.
(8:06-cr-00102-AW)

Submitted:  May 22, 2008          Decided:  August 15, 2008

Before MOTZ and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit
Judge.

Affirmed by unpublished per curiam opinion.

Michael S. Tye, ARNOLD & PORTER, LLP, Washington, D.C., for
Appellant.  Rod J. Rosenstein, United States Attorney, Hollis
Raphael Weisman, Assistant United States Attorney, Greenbelt,
Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On March 6, 2006, Charles A. Cooper was indicted for one count of assaulting a federal officer, United States Park Police Officer Brian Phillips, with a deadly and dangerous weapon - Cooper's vehicle - in violation of 18 U.S.C. § 111(b) (West 2000 & Supp. 2007). Following a bench trial, Cooper was found guilty and sentenced to seventy-two months' imprisonment. Cooper timely noted his appeal and now argues the evidence was insufficient for a reasonable fact-finder to conclude that he used or intended to use his vehicle as a dangerous or deadly weapon. For the reasons that follow, we affirm the judgment of the district court.

"In reviewing the sufficiency of the evidence following a conviction, this court views the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (quoting United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996)(internal quotations omitted)). This court "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v. Moye, 454 F.3d 390, 394 (4th Cir. 2006) (internal quotations omitted). Rather, a jury's verdict will be sustained if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Lomax, 293 F.3d at 705 (quoting United States v. Meyers, 280 F.3d 407, 415 (4th Cir. 2002)(internal quotations omitted)). "Thus, the

appellate function is not to determine whether the reviewing court is convinced of guilt beyond a reasonable doubt, but, viewing the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the Government, whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." Burgos, 94 F.3d at 863 (quoting United States v. Powell, 469 U.S. 57, 67 (1984)(internal quotations omitted)).

Courts have held that to sustain a conviction under § 111(b), the Government must prove the elements in 18 U.S.C. § 111(a) (West 2000 & Supp. 2007) and that the defendant: (1) used a deadly or dangerous weapon; (2) in the commission of an act described in § 111(a); and (3) the defendant used the weapon intentionally. United States v. Feola, 420 U.S. 671, 686 (1975); see, e.g., United States v. Arrington, 309 F.3d 40, 45 (D.C. Cir. 2002). However, according to Cooper, when the deadly or dangerous weapon is an object, like a vehicle, that has legitimate and illegitimate uses, the Government must prove, not an intent to simply use the object, but that the defendant had a specific intent to use the object as a deadly or dangerous weapon. Cooper argues that, because he used his vehicle to flee the scene and not as a

deadly or dangerous weapon, the evidence is insufficient to sustain his conviction.[1]

Cooper's argument is unavailing because, even assuming that the Government were required to prove the specific intent element argued for by Cooper, the evidence - viewed in the light most favorable to the Government - established a specific intent by Cooper to use his vehicle as a deadly or dangerous weapon.[2]  In response to United States Park Police Officer Heather Putnam's lawful request for Cooper to exit his vehicle, Cooper threw the car into drive, turned the wheel towards Putnam, and accelerated forward, forcing Officer Phillips to reach for the steering wheel in an effort to protect Putnam.  Phillips, though, missed the wheel, and as a result, his body partially fell into the vehicle. Cooper then accelerated the vehicle, dragging Phillips with him. Cooper ignored Phillips' shouts to stop and injured Phillips by continuing his attempt to escape.  Phillips eventually climbed into

---

[1]It is noteworthy that in Arrington, the D.C. Circuit rejected an argument nearly identical to the one now offered by Cooper. Arrington, 309 F.3d at 45-46.

[2]In United States v. Feola, the Supreme Court held that "in order to incur criminal liability under § 111, an actor must entertain merely the criminal intent to do the act therein specified." Feola, 420 U.S. at 686.  Additionally, this court has previously held that "what constitutes a dangerous weapon depends not on the object's intrinsic character but on its capacity, given the manner of its use, to endanger life or inflict serious physical harm." United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (quoting United States v. Johnson, 324 F.2d 264, 266 (4th Cir. 1963)(internal quotations omitted)).

the vehicle with Cooper, and the two struggled for control of the vehicle.  Cooper ultimately bailed out of the still moving car, causing the vehicle to strike a median and further injure Phillips.

These facts, viewed in the light most favorable to the Government, evidence an intent by Cooper to use his vehicle as a dangerous or deadly weapon.  Accordingly, we affirm the judgment of the district court.  We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED