**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4042**

_____

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

VICTOR VALLIN-JAUREGUI,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:11-cr-00105-FL-3)

_____

Submitted: September 20, 2013     Decided: October 15, 2013

_____

Before DUNCAN, DAVIS, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Jorgelina E. Araneda, ARANEDA LAW FIRM, P.C., Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Vallin-Jauregui appeals from his seventy-month sentence following his guilty plea to assault causing serious bodily injury, in violation of 18 U.S.C. § 2 and § 113(a)(6) (2006). Vallin-Jauregui challenges the district court's enhancement of his offense level based on his use of a dangerous weapon during the assault, see U.S. Sentencing Guidelines Manual ("USSG") § 2A2.2(b)(2)(B) (2012), and the denial of his request for a sentence below his Guidelines range. We affirm.

When assessing a challenge to the district court's application of the Guidelines, we review factual findings for clear error and legal conclusions de novo. United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010). The Sentencing Guidelines define a dangerous weapon as "an instrument capable of inflicting death or serious bodily injury" or an object closely resembling such an instrument. See USSG § 2A2.2 cmt. n.1 (looking to USSG § 1B1.1 cmt. n.1(D) for definition of "dangerous weapon"). "Serious bodily injury" is defined as "injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation." USSG § 1B1.1 cmt. n.1(L). "[W]hat constitutes a dangerous weapon depends not on the object's intrinsic character but on its

2

capacity, given the manner of its use, to endanger life or inflict serious physical harm." United States v. Sturgis, 48 F.3d 784, 787 (4th Cir. 1995) (internal quotation marks omitted).

Here, Vallin-Jauregui's victim was repeatedly and forcefully struck with a bar of soap inserted into a sock. Under such circumstances, we conclude the district court did not err in finding that Vallin-Jauregui's improvised club constituted a dangerous weapon. United States v. Passaro, 577 F.3d 207, 222 (4th Cir. 2009) ("The Guideline[s]-sanctioned definition of dangerous weapon encompasses an extremely broad range of instrumentalities."); see Tolliver v. Sheets, 594 F.3d 900, 911 n.3 (6th Cir. 2010) (noting that sock containing bars of soap could be considered deadly weapon); United States v. Daulton, 488 F.2d 524, 524-25 (5th Cir. 1973) (stating that bars of soap wrapped in towel and swung like club was potentially deadly weapon). We also reject Vallin-Jauregui's suggestion that § 2A2.2(b)(2)(B) should not be applied in the absence of evidence that the dangerous weapon in fact caused serious injury. Because the district court properly relied on judicially found facts at sentencing, the district court did not err in the calculation of Vallin-Jauregui's Guidelines range. United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008).

Finally, Vallin-Jaurequi asserts the district court abused its discretion in denying his request for a downward variance. Our review of the record leads us to conclude that the district court adequately addressed the request for a variance and did not rely on clearly erroneous facts in denying it. Thus, the sentence imposed is reasonable.

Accordingly, we affirm the district court's judgment. See United States v. Lynn, 592 F.3d 572, 576, 578 (4th Cir. 2010) (stating standard of review). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED