(90 South. 21)

No. 24774.

STATE v. EDWARDS.

(Oct. 31, 1921.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬅121(2)—Request for bill of particulars held properly refused.

Where an indictment alleged that defendant swore before the grand jury that he had never taken or offered to take men and women to rooms in a hotel for purposes of prostitution, etc., whereas in truth he had taken and offered to take men and women to rooms in such hotel, etc., a request for a bill of particulars stating in what manner or in what way, and the particular statement in which or by which defendant perjured himself, was properly refused, though the indictment did not give any names or identify any room to which any person was taken, as the request did not call for information on those points, and the indictment was sufficient with respect to the matters specified in the request.

2. **Indictment and information** ⬅121(3)—Request for bill of particulars must be specific.

A request for a bill of particulars should specifically point out all the particulars desired.

3. **Perjury** ⬅26(½)—Indictment held sufficiently specific in stating the perjury.

An indictment alleging that defendant testified before the grand jury that he never took or offered to take, for pay, hire, or otherwise, men and women to rooms in a hotel for purposes of prostitution, etc., whereas in truth and in fact he had taken and offered to take, etc., was sufficiently specific in stating the perjury.

4. **Perjury** ⬅26(3)—Indictment held sufficient as to defendant's knowledge of falsity.

An indictment for perjury, alleging what the question was that accused swore to, what the truth was as he "well knew," and alleging that the testimony was willfully, corruptly, and maliciously false, was sufficient, though not using the word "knowingly."

5. **Perjury** ⬅32(8)—Evidence held relevant in view of the allegations of indictment.

Under an indictment for perjury, charging that defendant swore falsely before the grand jury that he had never taken or offered to take, for pay or otherwise, men and women to rooms in a hotel for purposes of prostitution, etc., testimony of a prostitute that he offered to bring men to her room if she would have sexual intercourse with him was relevant.

6. **Indictment and information** ⬅87(2)—Sufficient for indictment for perjury to allege time as within 12 months.

In an indictment for perjury, where time is not of the essence of the offense, it is sufficient to charge that it was within the last 12 months.

O'Niell, J., dissenting.

Appeal from Thirteenth Judicial District Court, Parish of Rapides; Leven L. Hooe, Judge.

Jesse Edwards was convicted of perjury, and he appeals. Affirmed.

Carter & Polk, of Alexandria, for appellant.

A. V. Coco, Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria (T. S. Walmsley, of New Orleans, of counsel), for the State.

PROVOSTY, J. The accused was found guilty and sentenced after trial upon the following indictment:

"That Jesse Edwards, late of the parish aforesaid, on or about the 26th day of April,

1921, with force and arms, in the parish, district and state aforesaid, and within the jurisdiction of the Thirteenth judicial district court, did willfully, maliciously, and feloniously appear as a witness before the grand jury then duly impaneled, sworn, and in session and charged to inquire in and for the body of the parish of Rapides, and then and there before said grand jury, the said Jesse Edwards did take an oath administered to him by the foreman of the said grand jury, said foreman having lawful authority to administer said oath, and was by the said foreman duly sworn to testify the truth, the whole truth, and nothing but the truth, touching all matters inquired of by him by the said grand jury, whereupon the said grand jury did inquire of him, Jesse Edwards, concerning the existence of assignation, prostitution, and illegal sexual intercourse in the European Hotel in the city of Alexandria, and then it became and was a material question whether he, Jesse Edwards, had at any time within the past year taken or offered to take for pay, hire, or otherwise, men and women to rooms in the said hotel for the purpose of assignation, prostitution, or illegal sexual intercourse, whereupon the said Jesse Edwards did falsely, willfully, corruptly, and maliciously, upon his oath, aforesaid, swear and give evidence in effect and substance as follows: That he, Jesse Edwards, had at no time ever taken or offered to take for pay, hire, or otherwise, men and women to rooms in the said European Hotel, for the purpose of assignation, prostitution, or illegal sexual intercourse; whereas in truth and in fact the said Jesse Edwards had taken and offered to take men and women for pay, hire, or otherwise men and women to rooms in the said European Hotel for the purpose of assignation, prostitution, or illegal sexual intercourse as he well knew. Wherefore the grand jurors aforesaid, on their oath aforesaid, do present that the said Jesse Edwards did in the manner and form aforesaid, feloniously, willfully, knowingly, and corruptly commit the crime of perjury contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

[1] He complained that this indictment was "vague and indefinite," in that it did not set forth "in what manner or in what way, nor the particular statement in which, or by which, your defendant perjured himself"; and asked that the prosecution be required to file a bill of particulars on these points.

The indictment does set forth the manner or way and the particular statement in which or by which the accused is said to have perjured himself.

[2, 3] In the brief filed in this court, the learned counsel say that the indictment gives neither the name of the person whom accused is charged with having taken to a room, nor the name of the person to whom, or of the room to which, the person was taken, nor the date of the alleged criminal act. The request for the bill of particulars did not call specifically for information on these points. Perhaps if it had done so, fairness might have required that the indictment be made more specific in these respects in so far as the prosecution possessed the information. The request for the bill of particulars, as made, was properly denied. The request for a bill of particulars should "specifically point out all the particulars desired." 22 Cyc. 372. The accusation was not that accused had taken any particular person to any particular room, nor was he being charged specifically with any criminal act except that of the perjury in question; and in stating the perjury the indictment is certainly sufficiently specific.

[4] Another complaint is that the indictment is defective in that it does not charge that the false swearing was done "knowingly."

The indictment alleges what the question was that the accused swore to and what the truth was, as the accused "well knew" and alleges that the testimony was "willfully, corruptly, and maliciously false." This was sufficient. State v. Wells, Mann. Unrep. Cas., p. 242; State v. Gonsoulin, 42 La. Ann. 579, 7 South. 633, where the word "knowingly" had been left out as here.

[5] In the course of the trial, a prostitute was allowed to testify, over his objection, that he had made a proposition to her to have sexual intercourse with her.

The learned trial judge says in his per curiam:

"The testimony was in substance that Jesse Edwards, the accused, came to her room and offered to make dates for and bring men to her room, if she would let him (the accused) have sexual intercourse with her.

"The testimony was certainly admissible in showing that the accused did have knowledge of, and contributed to, the immoral conditions existing at the European Hotel, notwithstanding his sworn denial before the grand jury; and the fact that he, a negro, should have made such a proposition to a white woman, was no reason for ruling said testimony out."

The evidence tended to show that the accused had "for pay, hire, or otherwise, offered to take men to rooms in said hotel," and was therefore relevant; his testimony, charged as perjury, being that he had not done that very thing.

[6] On the trial, all evidence as to the time of the alleged offense was objected to, on the ground that the allegation of time in the indictment was not sufficiently specific to admit of proof. In cases where time is not of the essence of the offense, it suffices to charge that it was within the last 12 months. Marr's Criminal Jurisprudence, 400.

Judgment affirmed.

O'NIELL, J., dissents, being of the opinion that defendant was entitled to a bill of particulars, and being of the opinion that the testimony of Mamie Smith was not admissible.