LAND, J.
 

 Defendant has appealed from a sentence imposed upon him for the sale of intoxicating liquor for beverage purposes.
 

 Bill of Exception No. 1.
 

 The information charges that defendant made the sale on the 1st day of September, 1925.
 

 In answer to the motion for a bill of particulars, the district attorney has stated “That the time sold was between 6 o’clock m. and 6 o’clock m.”
 

 On the trial of the case, the prosecuting witness fixed the time of the sale at 7:30 p. m. on the 1st day of September, 1925, and the state offered a bottle of liquor labeled accordingly.
 

 After the testimony for the state had been given, and before defendant took the stand, his counsel moved the court to set aside and have stricken from the record in the case the testimony of the state’s witnesses, and also the substantive testimony offered in evidence in the form of the labeled bottle of liquor.
 

 The reason for this motion, as stated by counsel for defendant, was that the witnesses for the prosecution had fixed the hour of the sale in their testimony at 7:30 p. m. on September 1, 1925, whereas the bill of particulars furnished stated that the sale had taken place “between '6 o’clock m. and 6 o’clock m, of September 1, 1925,” and the bottle of liqi uor offered showed a label of 7:30 p. m., “in contradiction of the bill of particulars.”
 

 We are not in a position to hold that there was any variance between the bill of particulars and the proof offered, for the reason that the clause in the bill, “between 6 o’clock m. and 6 o’clock m. of September 1, 1925,” may include the period between 6 o’clock p. m. and 6 o’clock a. m. of September 1, 1925, as well as the period between 6 o’clock a. m. and 6 o’clock p. m. of that day.
 

 A defendant charged with the sale of intoxicating liquor is not entitled to be furnished with information as to the hour of the sale in a bill of particulars, and, if he were so entitled, he should demand, before going to'trial, more specific information than that given in the bill in this case as to the hour. State v. Mines, 137 La. 489, 68 So. 837; State v. Fernandez, 157 La. 162, 102 So. 186.
 

 We find no prejudice resulting to the accused from the ruling of the judge a quo.
 

 Bill of Exception No. 2.
 

 Defendant complains that the lower court refused to compel a state witness, a detective, to disclose the names of the citizens of Union parish who had contributed funds for the employment of counsel to assist the state in this ease.
 

 The testimony attempted to" be elicited was objected to by the district attorney as irrelevant and immaterial, and the objection was sustained by the trial judge.
 

 The state’s witness admitted on the stand that the citizens of said parish had requested him to employ an attorney for them to aid in the present prosecution, and that he had secured and paid an attorney out of the public funds raised for that purpose. None of these citizens appeared as witnesses in the case. Information as to their identity was, therefore, unimportant. We find no error in the ruling of the court excluding this testimony.
 

 Bill of Exception No. 3.
 

 This bill was reserved to the overruling of a motion for a new trial, based on the ground that the verdict is contrary to the law and the evidence, and presents no question of law for review.
 

 The conviction and sentence are therefore affirmed.