LeBLANC, Judge.
Defendant, Joseph Tupa, was charged by grand jury indictment with one count of arson with intent to defraud in violation of La.R.S. 14:53. Following a trial by jury, he was found guilty as charged. He was subsequently sentenced to three years at hard labor and was placed on active, supervised probation for five years. Defendant was also fined $10,000 plus court costs or, in default of payment thereof, to one year at hard labor. Defendant has appealed, arguing nine assignments of error.[1]
On September 26, 1983, defendant was the owner of the Pits, Inc., a convenience store, which was completely destroyed by fire sometime after midnight on the same date. Subsequently, defendant, in his capacity as president of Pits Inc., received a check for $105,000.00 from his insurer, Commercial Insurance Company, in settlement of his claim for fire damages. It was with regard to this fire that defendant was eventually tried and convicted of arson with intent to defraud.
ASSIGNMENT OF ERROR NO. ONE:
In this assignment of error, defendant contends the indictment returned by the grand jury was defective because it did not “state each and every essential element of the crime ...”. Specifically, defendant argues that the indictment was fatally defective because it failed to identify the property damaged by the fire and the identity of the party defrauded as required by La.Code Crim.P. art. 465 A(4).
As defendant correctly points out, the instant indictment does not comply with the specific indictment form provided by art. 465 A(4) because it fails to state the property burned or the party defrauded. However, defendant completely disregards the fact that the instant indictment fully complies with the general form of grand jury indictments provided in La.Code Crim.P. art. 462. The indictment also meets the requirement of La.Code Crim.P. art. 464 that there be a plain, concise statement of the essential elements constituting the offense charged since it contains language describing defendant’s conduct which virtually tracks the definition provided in La.R. S. 14:53 of arson with intent to defraud.[2] Accordingly, because the prosecution used the “long form” indictment in this case, it was not necessary to identify the property burned and the party defrauded, although such information would have been required in a “short form” indictment under La. Code Crim.P. art. 465 A(4).[3]
*518 For the above reasons, this assignment of error is meritless.
ASSIGNMENTS OF ERROR NOS. TWO, THREE AND FOUR:
In assignment of error number two, the defendant contends that the State’s answers to his motion for a bill of particulars were insufficient. In assignment of error numbers three and four, defendant contends the trial court erred in failing to grant various motions he made based upon the alleged defective indictment and insufficient bill of particulars.
Defendant contends the State’s answers to his motion for a bill of particulars were insufficient for the same reason that he alleges the grand jury indictment was defective, i.e., neither identified the property burned nor the party defrauded. Therefore, defendant argues that the indictment and the bill of particulars, even when taken together, failed to inform him of the nature of the charges against him.
In answer to defendant’s motion, the State furnished defendant with a copy of the arrest warrant which indicated that defendant was arrested for burning “the Pit’s Grocery Store and Delicatessen”. Although, the State’s answers to defendant’s motion thus indicated the property burned, they did not identify the party defrauded.
Defendant’s motion for a bill of particulars requested, in pertinent part:
Defendant desires and is entitled to be informed, in full and in detail, with respect to every fact and circumstances (sic) relating to the charge against him including (sic) the nature of, cause of, basis for and circumstances connected therewith; he requests that he be furnished with a particularized and detailed statement of all facts constituting the alleged offense; he requests such information with respect to every essential element of the statute (sic) or statutes (sic) under which this prosecution is being conducted.
We note that this request for information concerning the offense charged was very general, despite the fact that a request for a bill of particulars should specifically point out all the particulars desired. State v. Edwards, 149 La. 679, 90 So. 21, 22 (La.1921). After receiving the State’s answers to the requested bill of particulars, defendant knew that he was charged with the arson of the Pits Grocery, but was not informed of the identity of the party defrauded. At this point, defendant should have specifically requested the identity of the defrauded party, since a defendant entitled to more specific information than that furnished in the bill of particulars should demand such information before going to trial. See State v. Tucker, 161 La. 214, 108 So. 419, 420 (La.1926). To the contrary, in this case, the court minutes reveal approximately six months before trial, defense counsel indicated he was satisfied with the State's answers to his motions for discovery and a bill of particulars.
However, immediately before trial, defendant requested that the trial court quash the indictment on two grounds. First, defendant alleged that the indictment was defective, as argued in assignment of error number one. The trial court correctly denied this request (as well as defendant’s motion for mistrial and motion in arrest of judgment, which were based on the same argument). Defendant then requested that the trial court quash the indictment based on the State’s insufficient bill of particulars. See La.Code Crim.P. art. 532(4). The trial court ruled that defendant had waited too late to raise any issue with respect to the State’s answers to the bill of particulars. We find that this ruling was correct. A motion to quash must be filed in accordance with the time limits for filing pretrial motions established by La.Code Crim.P. art. 521. See La.Code Crim.P. art. 535 C. This was not done in the present case. Accordingly, since defendant failed to raise this issue in a timely fashion, we conclude that he could not re-urge this objection either immediately prior to trial through a motion to quash or during trial through a motion for mistrial.
Although defendant was entitled to know the identity of the defrauded party, we conclude his motion for a bill of particulars should have contained a specific request *519 for such information. State v. Edwards, supra. When the State failed to provide this information in its answer to the bill of particulars, defendant should have specifically requested this information again, and/or timely filed a motion to quash on this basis, rather than first indicating he was satisfied with the State’s answers and then attempting to raise the issue immediately prior to and during trial.
For the above reasons, these assignments of error are meritless.
ASSIGNMENTS OF ERROR NOS. FIVE, SIX AND SEVEN:
In these assignments of error, defendant contends the trial court erred in allowing into evidence over defense objection the testimony of Mr. Tom Rabalais, an insurance adjuster who testified regarding defendant’s claim for fire damages. Defendant also contends the trial court erred in allowing into evidence over his objection copies of the insurance policy, insurance draft, and his cheeking account statements. Defendant argues that this testimony and physical evidence was outside the scope of the bill of particulars provided by the State and, therefore, should not have been allowed into evidence.
While we have concluded that defendant was entitled to learn the identity of the defrauded party, we also concluded that he waived his right to this information by informing the trial court that he was satisfied with the State’s answers to his motions for discovery and bill of particulars some six months before trial. Although the State’s answers to defendant’s motion for a bill of particulars did not reveal the defrauded party, the indictment did inform defendant that he had been charged with the offense of arson with intent to defraud. Therefore, the prosecution properly introduced the testimony of Mr. Rabalais, as well as copies of the insurance policy and insurance draft, to prove that defendant had actually defrauded Commercial Insurance Company. Also, the State properly introduced copies of defendant’s checking account statements and testimony from defendant’s banker, R.C. Hudnall, to prove that defendant had actually deposited the insurance draft into his checking account.
Defendant also argues that the trial court erred in allowing a copy of the front of the insurance draft to be introduced into evidence without a copy of the back of the insurance draft. Specifically, he contends that the back of the insurance draft was necessary to prove that defendant actually endorsed the draft. However, Mr. Raba-lais testified that an insurance draft, dated January 19, 1984, in the amount of $105,-000 payable to defendant and Clinton Bank and Trust Company was processed through his office. Mr. Hudnall testified that this insurance draft was deposited into defendant’s checking account on January 20, 1984, and that it cleared on February 1, 1984. Mr. Hudnall also testified that on February 1, 1984, defendant paid off two substantial loans he had made previously from Clinton Bank and Trust Company.
In view of these facts, these assignments of error are meritless.
ASSIGNMENT OF ERROR NO. EIGHT:
In this assignment of error, defendant contends the trial court erred in denying his motion for mistrial which was made after the testimony of Jo Beth Hartner. This motion was based on the State’s alleged failure to comply with defendant’s discovery request for any confessions or inculpatory statements made by codefend-ants and intended for use at trial. In answering this request, the State responded that it did not have any such statements made by a codefendant. In his brief, defendant concedes that Jo Beth Hartner was never charged for her role in this offense, but considers her “an unindicted codefend-ant” and, therefore, a codefendant within the meaning and purpose of the discovery statutes.
La.Code Crim.P. art. 722 provides:
Upon motion of the defendant, the court shall order the district attorney to permit or authorize the defendant to inspect and copy, photograph or otherwise reproduce any relevant written or recorded confessions or inculpatory statements made by a codefendant and intended for use at trial. Exculpatory evidence shall *520 be produced under this article even though it is not intended for use at trial.
In State v. Kimble, 875 So.2d 924 (La. 1979), the defendant made a discovery request for confessions or inculpatory statements by codefendants. A prosecution witness, Cecil Miller, had made such statements which were apparently in the possession of the State. However, the State did not disclose Miller’s statement because, although he was a coparticipant in the burglary, he was never charged with the offense. The Louisiana Supreme Court agreed with the State’s position, concluding, “The request was for statements of codefendants and Miller was not a code-fendant.” 375 So.2d at 930.
However, defendant argues that language in State v. Eaker, 380 So.2d 19 (La.1980), cert, denied, 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980), supports his contention that, although not formally charged, Ms. Hartner was a codefendant within the meaning of La.Code Crim.P. art. 722. The defendant in Eaker was charged by grand jury indictment with first degree murder. The prosecutor had also filed an affidavit charging Ms. Branch with second degree murder. Through discovery, the defendant requested confessions or statements made by Ms. Branch and intended for use at trial. Rather than comply with the discovery request and supply such statements by Ms. Branch, the prosecutor dismissed the affidavit against her and argued that she was no longer a codefendant. The trial court permitted the dismissal of the affidavit and did not force the prosecution to comply with the defendant’s discovery motion. The Louisiana Supreme Court concluded that the prosecution should have provided such statements to the defendant under La.Code Crim.P. art. 722 and that the trial court erred in denying the defendant’s motions to compel discovery.
We believe that the instant case can be distinguished from the situation presented in Eaker. In Eaker, Ms. Branch was officially charged by affidavit. At the time of the defendant's discovery motion, she was clearly a codefendant under article 722. The prosecutor’s dismissal of the affidavit against her was a maneuver obviously designed to circumvent the defendant’s right to discovery under article 722. In the instant case, Ms. Hartner, while a participant in the offense, was never officially charged. The facts of this case more closely resemble the situation presented in Kim-ble, wherein the Supreme Court concluded that the defendant was not entitled to discover statements made by a coparticipant because the latter was never officially charged and, therefore, was not a code-fendant under article 722.
This assignment of error is meritless.
ASSIGNMENT OF ERROR NO. TEN:
In this assignment of error, defendant contends he was prejudiced by the State’s failure to provide him with reports of scientific tests or experiments made by fire department investigators. In his motion for discovery, defendant requested copies of reports of any such examinations and tests, as provided by La.Code Crim.P. art. 719. The State’s answer to this discovery request indicated that it did not have such information at that time, but would furnish such information if it was later received. No such information was ever furnished to defendant. At trial, the assistant chief of the Clinton Volunteer Fire Department, Roger Hallmark, testified that the fire department requested investigators to come to the scene after the fire was extinguished. Based on this testimony, defendant states in his brief that: “In fact, this information [reports of scientific tests and experiments] was never supplied even though it was apparent that the arson investigators did make some kind of report or at least investigated this matter.” Based solely upon Mr. Hallmark’s statements that the fire department requested investigators to come to the scene, defendant concluded that the investigators made “some kind of report”. Defendant then puts forward the theory that these alleged reports “may have in fact been exculpatory.”
Defendant’s contention that the investigators made reports and that these reports might have been exculpatory is nothing *521 more than pure speculation. The State indicated that it possessed no such reports. Mr. Hallmark’s testimony did not refer to any such reports of scientific tests or experiments. Nothing in the record supports defendant’s allegation that such reports existed. Furthermore, defendant failed to raise any objection on this basis at trial. If defendant believed such reports existed, he should have raised this issue through a contemporaneous objection, which would have allowed the trial court an opportunity to determine whether or not such reports did in fact exist. His failure to do so resulted in the waiver of such an objection. La.Code Crim.P. art. 841; State v. McDonald, 414 So.3d 785, 736 (La.1982); State v. Bonanno, 373 So.2d 1284, 1288-9 (La.1979).
This assignment of error is meritless.
CONVICTION AND SENTENCE AFFIRMED.

. Defendant made eleven assignments of error, but assignment numbers nine and eleven were not briefed on appeal and, therefore, are considered abandoned. Uniform Rules-Courts of Appeal, Rule 2-12.4.

. The indictment itself need not set out the detailed facts constituting the violation, since those facts can be given to the defendant by answers to a bill of particulars. State v. Gainey, 376 So.2d 1240, 1244 (La.1979).

. Although we have found defendant’s argument that the indictment was defective to be merit-less, we note an error patent on the face of the record. While the main body of the indictment uses the correct statutory citation, La.R.S. 14:53, the caption in the top right corner erroneously refers to La.R.S. 14:43.1, the crime of sexual battery. However, since the indictment stated "arson with intent to defraud” in both the caption and the main body, it is obvious that this is merely a harmless typographical error which did not prejudice the defendant. La.Code Crim. P. art. 464.