This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. 31,169**

**GABRIELA CALDERON,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

    Defendant appeals his felony conviction for aggravated battery (deadly

weapon). Our notice proposed to affirm and Defendant filed a timely memorandum in opposition. We remain unpersuaded by Defendant's arguments, and therefore affirm.

Defendant continues to argue that the district court erred in denying her motion for directed verdict based on insufficient evidence to support her conviction. [DS 6; MIO 1, 4] Defendant refers to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct. App. 1985), in continued support of her argument. [MIO 1]

As detailed in the notice, evidence was presented that Defendant twice drove her vehicle at Mr. Pena and Victim, and hit Victim on the second attempt after making a U-turn and approaching Mr. Pena and Victim while accelerating. [DS 4] Evidence was also presented that, when Defendant discovered the nature of Mr. Pena and Victim's relationship, she was jealous and angry. [DS 4, 6] We hold that the jury could have reasonably relied on such evidence to find that Defendant intended to injure Victim by touching or applying force to her by striking her with a vehicle such that the vehicle, when used as a weapon, could cause death or great bodily harm. [RP 67, 80] *See* NMSA 1978, § 30-3-5(C) (1969) (setting forth the crime of aggravated battery, deadly weapon); *see also State v. Sparks*, 102 N.M. 317, 320, 694 P.2d 1382, 1385 (Ct. App. 1985) (defining substantial evidence as that evidence which a

reasonable person would consider adequate to support a defendant's conviction). While Defendant maintains that the evidence does not support a finding that she intended to injure Victim [MIO 6], it was the jury's prerogative as factfinder to determine otherwise. *See State v. Gonzales*, 1997-NMSC-050, ¶ 18, 124 N.M. 171, 947 P.2d 128 (holding that it is the factfinder's prerogative to weigh the evidence and to judge the credibility of the witnesses).

Defendant also continues to argue that the district court erred in failing to give the jury an instruction that defined deadly weapon. [DS 7; MIO 7] Defendant, however, failed to request such instruction below. [DS 7; MIO 7] *See State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537 (recognizing that, to preserve error on failure to instruct, the defendant must tender a legally correct statement of the law). And we are not persuaded by Defendant's assertion that the lack of a submitted instruction defining deadly weapon constitutes fundamental error. [DS 7; MIO 7] *See generally State v. Barber*, 2004-NMSC-019, ¶ 20, 135 N.M. 621, 92 P.3d 633 (providing that the failure to instruct on a definition or amplification of an essential element does not rise to the level of fundamental error). We note further that although NMSA 1978, Section 30-1-12(B) (1963) does not specifically reference "vehicle" as a deadly weapon in [DS 7; MIO 7-8], Section 30-1-12(B) does include a broad catchall definition of weapons as "any other weapons with which dangerous

wounds can be inflicted." As a result, we hold that the tendered jury instruction adequately instructed the jury on the essential elements of the crime when it provided that "[a] car is a deadly weapon only if you find that a car, when used as a weapon, could cause death or great bodily harm[.]" [RP 67] *See generally State v. Montano*, 1999-NMCA-023, ¶ 6, 126 N.M. 609, 973 P.2d 861 (recognizing that where the instrument used is not listed in the statute, it is a question for the jury to determine whether it is a deadly weapon after considering the character of the instrument and the manner of its use).

Based on our notice and the foregoing discussion, we affirm.

**IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**LINDA M. VANZI, Judge**

4